| 57 | 107 |
| 121 | 601 |

VIOLET TURNER, plaintiff in error, vs. THE STATE OF GEORGIA, defendant in error.

1. One of the grand jury named in the bill of indictment, or special presentment, cannot impeach his own finding; therefore the court will not consider his testimony either that there was no bill or presentment before the jury when the witnesses were sworn, or that the oath administered to the witnesses was not that oath which is prescribed by law.

2. Whilst all the charges in the bill of indictment constituting all the ingredients of the crime, must be proven to the satisfaction of the jury, yet the evidence may be circumstantial as well as direct; therefore the charge that the assault was made with a knife as the weapon likely to produce death, was sufficiently proven by showing the wound, and how it was made, and the sensation of the person cut.

3. If there be sufficient evidence to authorize the verdict, and the presiding judge is satisfied therewith, and there is no error of law committed, this court will not interfere.

Criminal law.   Indictment.   Grand jury.   New trial.  Before Judge KIDDOO.   Randolph Superior Court.   November Term, 1875.

Reported in the opinion.

A. HOOD; B. Y. JOHNSON, for plaintiff in error.

JAMES T. FLEWELLEN, solicitor general, by JOHN T. CLARKE, for the state.

JACKSON, Judge.

The defendant was indicted for the crime of an assault with intent to murder, found guilty, moved for a new trial, failed to get it below, and brings her case here.

1. The first ground in the motion is that the right oath was not administered to the witnesses by the grand jury who found the bill.   The only proof of this was by one of the grand jury who found it.   It is against public policy to permit him to testify.   He must not impeach his own finding and the legality of it.   The only evidence to show that the wrong oath was administered to the witnesses, and that the bill of indictment had not been made out when the witnesses were sworn, being that of the grand juror, there was no legal proof of irregularity before the court, and this ground was properly overruled: *Hoye vs. The State*, 39 *Georgia Reports*, 718.   It is a mere technicality any way, and did not hurt the defendant.

2. The second ground is that the bill charged that the assault was with a knife, and there was no proof about the knife.   We think that the proof was very positive if circumstantial.   It felt like a knife when it cut the girl's throat who was assaulted ; it left a mark like a knife would have made, and entered the flesh in the way a knife would have done.   In the absence of proof to the contrary the jury thought from this evidence that the instrument was a knife, and that it was likely to produce death, and came near doing it.   We incline to think that they thought right.

3. The last ground is that the verdict is against the evidence.   We think not.   The girl assaulted swore that Violet

did the deed. Violet was seen leaving the spot where it occurred very rapidly, and told a lie about her hurry ; the two had had a difficulty about a bedstead Violet's husband had given to the person assaulted ; Violet pulled back her head and cut her throat with a sharp something—it was about dark, nearly dark—the girl assaulted came quite near being killed, perhaps within a half inch or less, and we think the jury did right, at least that their verdict is supported by the evidence, and as the presiding judge was content with it we decline to interfere.

Judgment affirmed.