## O'NEIL *v.* THE STATE.

1. When one indicted for crime knows at the time of his trial that certain persons have knowledge of facts material to the case, but declines to introduce them as witnesses because of a fear that they will not testify truly, he can not afterwards avail himself of their testimony as newly discovered evidence.

2. This court will not reverse a judgment denying an extraordinary motion for a new trial, based on newly discovered evidence, although one of the grounds thereof is founded upon the affidavit of a witness whose testimony as therein set forth relates to material and important facts not brought out at the trial, when by way of counter-showing it also appears that this testimony conflicts with that of numerous other witnesses, and that as a whole it is merely cumulative upon one of the main issues vigorously contested at the first hearing.

3. A careful examination of the extraordinary motion now under consideration, the same being based exclusively upon alleged newly discovered evidence, and a consideration of all the grounds of this motion in the light of the well-settled rules of law relating to such evidence, lead to the conclusion that the trial judge did not err in overruling the motion.

Argued May 2, — Decided May 25, 1898.

Motion for new trial. Before Judge Falligant. Chatham superior court. December term, 1897.

*P. W. Meldrim* and *F. M. Oliver*, for plaintiff in error.
*W. W. Osborne, solicitor-general*, contra.

LITTLE, J. Sullivan and O'Neil were indicted in the superior court of Chatham county for the murder of one Brooks in the year 1896. They were jointly tried, found guilty of voluntary manslaughter, and sentenced to confinement in the penitentiary for fifteen years. Their motion for a new trial on various grounds was overruled in the superior court; a writ of error was sued out to the judgment overruling the motion; and the judgment of the court below was affirmed by this court. *Sullivan et al.* v. *State*, 101 *Ga.* 800. On the 22d day of December, 1897, one of the defendants, O'Neil, filed in the superior court of Chatham county another motion for a new trial, on alleged extraordinary grounds. On the hearing of the latter motion the trial judge overruled it; exception was taken to this action, and we are now asked to review his judgment so rendered. The extraordinary grounds upon which this second motion for a new trial is based are, briefly stated: (1) Because

of the newly discovered evidence of J. F. Henderson, which was to the effect that on the night of the homicide, he saw two negroes on the street, concealed by the shadow of a building, suddenly emerge as O'Neil and another white man approached, and one of the negroes (presumably the deceased) struck O'Neil on the head with a stick and felled him to the sidewalk, etc., and that the man who was with O'Neil fired on the negro, the shooting, however, having been done after the second attempt of the negro to strike O'Neil. Other details were given in the affidavit which tended to show that O'Neil was attacked before the shooting and resulting homicide. (2) Because of the newly discovered evidence of Angie Belmont, shown by an affidavit attached to the motion, concerning which the ground of the motion states: "Which facts as testified to by her in said affidavit were known to this defendant at the time of the trial, but which facts said Angie Belmont did not admit to be true until she consented to make said affidavit. Because of the animosity of said Angie Belmont towards this defendant, he did not consider it wise to force her to testify." (3) Because of the newly discovered evidence of T. C. Murphey, the arresting officer, shown by an affidavit, concerning which the ground of the motion states that: "Said testimony of T. C. Murphey was known to this defendant, but was not procured at the trial because of the animosity of Murphey towards him, and of the partiality of Murphey for Sullivan, his codefendant." (4) Because of statements by one Anderson to Fleming and Vetter, made since the defendant has been confined in the penitentiary, concerning which the ground of the motion states that: "Said statements of Anderson are contradictory of his testimony at the trial, and indicative of his animosity and perjury at the time of the trial." (5) Because of the statements made by one Payton since the plaintiff in error has been confined in the penitentiary, concerning which the motion says: "which statements are indicative of his animosity and perjury at the time of the trial, as shown by the affidavit of B. F. Murphey." (6) A certified copy of the affidavit made by George Budge on the first motion for a new trial, which, the motion states, strongly corroborates the evidence of J. F. Henderson, the witness named

in the first ground of the present motion. This motion was heard by the judge of the superior court of the Eastern circuit, who passed on the same, making the following order: "After full consideration of the within extraordinary motion for new trial, in the light of the evidence adduced upon the former motion, and the grounds of said former motion, and the adjudication of the Supreme Court of Georgia thereon, it is ordered that this extraordinary motion for a new trial be and the same is hereby refused." Signed, R. Falligant, Judge. Savannah, Ga. March 2d, 1898. The former motion for a new trial was based on the grounds, that the verdict rendered was contrary to law, to the evidence, and to the weight of the evidence; on certain rulings of the court as to the admission of certain evidence, and the rejection of certain evidence offered; and because of newly discovered evidence of George Budge, and upon other grounds not material to be stated here.

1. It appears from the motion itself that the plaintiff in error, at the time of the trial, knew of the facts to which the witnesses Belmont and Murphey could testify, and it does not appear that he made any effort to have those witnesses at the trial and place them upon the witness-stand. No reason is disclosed in the record why they were not subject to the process of the court; but the movant gives, as a reason for the non-production of these witnesses, the fact that the witness Belmont had animosity toward him, and that he did not consider it wise to force her to testify, and that because of the animosity of the witness Murphey towards him and because of his (witness's) partiality for Sullivan, the testimony was not procured. The presumption is, that if these witnesses had been placed upon the stand, they would have testified truthfully to the facts which were in their knowledge. The fact that the movant did not consider it wise to procure the testimony of the witnesses at his trial, affords no reason why he should now have a new trial. As was said by Judge Lumpkin, in the case of *Berry* v. *State,* 10 *Ga.* 527, "applications for new trials on account of newly discovered evidence are not favored by the courts," and in his opinion that eminent jurist laid down several propositions (supported by a large number of authorities cited) all of which it is neces-

sary for the party who asks for a new trial on such ground to demonstrate to the satisfaction of the court, to wit: 1. That the evidence has come to his knowledge since the trial. 2. That it was not owing to the want of due diligence that it did not come sooner. 3. That it is so material that it would probably produce a different verdict if a new trial were granted. 4. That it is not cumulative only — that is, speaking to facts in relation to which there was evidence on the trial. 5. That the affidavit of the witness himself should be produced, or its absence accounted for. 6. A new trial will not be granted if the only object of the testimony is to impeach the character or credit of a witness.

Under the first of these cardinal rules, the motion, in so far as it is based on the ground of the alleged newly discovered evidence of Belmont and Murphey, must fail, because the recitals in the second and third grounds of the motion show that the facts which these witnesses knew were not discovered after the trial, but were in fact known to the movant at the time of his trial. The provision of the Civil Code, § 5480, is, that a new trial may be granted in all cases when any material evidence, not merely cumulative in its character but relating to new and material facts, *shall be discovered by the applicant after the rendition of a verdict against him;* and by section 5481, it must appear that neither the movant nor his counsel knew of the existence of such evidence before the trial. See also *Sellers* v. *State,* 99 *Ga.* 212. Counsel for plaintiff in error cites the case of *Hayes* v. *Westbrook,* 96 *Ga.* 219, as authority that the court should have granted the new trial on the ground of the newly discovered evidence of the two witnesses named. A reference to that case, however, induces us to think that it does not support his contention. On the contrary, the case is based, by the ruling of the court, exclusively on the special facts of that particular case, which involve an application of an entirely different principle of law from that which arises in the case at bar; the ruling made by that decision is, that motions for new trials made out of term, upon extraordinary grounds, are not favored by the courts. Nor does the case of *Phillips* v. *State,* 33 *Ga.* 281, more strongly support the contention. It

appears in that case, that the defendant knew that the witness was present, and applied to him to learn what he would testify. The witness told him that he knew nothing, thus misleading the accused, whom, the court said, was not guilty of any laches in his effort to get the evidence.   The case of *Thomas* v. *State*, 52 *Ga.* 509, cited by the plaintiff in error, being a case where Thomas was indicted for assault with intent to murder by striking another with a hatchet, is also a case where the accused was misled on inquiry of the persons present at the time of the difficulty, by their telling him that they did not see the blow struck.   In the present case, the plaintiff in error could not have been misled, because it is recited in the grounds of the motion relating to the testimony of the two witnesses that he did know the facts as testified to by such witnesses in the affidavits attached to the motion, but did not consider it wise to force the witnesses to testify at the trial.   The evidence of these two witnesses, therefore, must be held to be not newly discovered.

2, 3.   There can be no doubt that the testimony of Henderson, as contained in his affidavit attached to the present motion for a new trial, would have been important and material evidence at the trial of the movant.   We are not, however, prepared to say that it would have changed the verdict.   There were a number of witnesses sworn in the trial, and the brief of evidence is a very voluminous one.   The testimony as contained in this brief of evidence was very damaging to the plaintiff in error, and was considered by this court sufficient to uphold the verdict.   A number of witnesses testified to the conduct of the two defendants preceding the homicide, and to what took place at the time of the shooting.   Their testimony is different from the evidence of Henderson as given in his affidavit; and if the witnesses were worthy of credit, the case was amply . made out against the plaintiff in error,   This court gave full consideration to the testimony had on the trial, in considering the first motion for a new trial, and passed on such evidence in the following language: "The evidence warranted the verdict. A finding for murder would not have been unsupported.   The alleged newly discovered evidence should not. and most prob-

ably would not, have produced a different verdict"; and affirmed the judgment of the court below in overruling the motion for a new trial. This court, in the case of *Doyal* v. *State*, 73 *Ga.* 72, lays down a rule by which it will be governed in cases of this character, in the following language: "After the trial of a cause by the jury and the return of a verdict of guilty, and the refusal of a new trial by the circuit court, and the affirmance of that judgment by this court, the grounds of the second motion for a new trial will be scrutinized closely, and must be laid in the very foundations of the purity of jury trial, to authorize the grant of such an application." See also *Kelly* v. *Hall*, 50 *Ga.* 636. While the evidence of Henderson is material, it is contradictory of the testimony of a number of witnesses who testified on the trial, and in one sense it is cumulative of the testimony of some of the witnesses of the plaintiff in error who testified on the trial. If the evidence of Henderson be true, then the evidence of a number of witnesses given on the trial is not true. It has been repeatedly ruled by this court, that where there is a counter-showing made to alleged newly discovered evidence, and there is a conflict, the discretion of the trial judge in granting or refusing a new trial will not be disturbed. Such was the ruling made in the case of the *Atlanta Consolidated Street Railway Co.* v. *McIntire*, 103 *Ga.* 568. In the application of this principle, it can make no difference whether the conflict as to the truth of the alleged newly discovered evidence arises by reason of a counter-showing made at the time the motion is filed, or whether it arises by reason of evidence adduced upon the trial. We think, therefore, that it was proper and legal for the trial judge, in considering the affidavit of Henderson, to pass upon it in the light of the evidence submitted at the trial, as well as that adduced upon the former motion for a new trial. So considering it, he overruled the motion on this ground; and we can not say, for reasons above outlined, that he committed error in so doing. The questions involved were necessarily only those of fact. In considering the newly discovered evidence, along with that incorporated in the brief which accompanied the former motion for a new trial, the judge below found the evidence conflicting;

and it follows from the judgment rendered by him, that it was his opinion that the new evidence would not have changed the verdict. We do not find any error in his refusal to grant a new trial on this ground. *Duncan* v. *State*, 97 *Ga.* 184. Nor was there any error in his refusal to grant the motion on the newly discovered evidence contained in the remaining grounds of the motion; because its only scope and effect would tend to impeach witnesses who testified on the trial. In such cases this court will not interfere and reverse the judgment of the trial judge, unless there has manifestly been an abuse of the discretion which has by law been vested in him, and not conferred upon this court.

*Judgment affirmed. All the Justices concurring.*