## SPEED *v.* THE STATE.

·No. 9387. MARCH 18, 1933.

*Hallie B. Bell,* for plaintiff in error.

*Lawrence S. Camp,* attorney-general, *Charles H. Garrett,* solicitor-general, and *Frank A. Holden,* assistant attorney-general, contra.

GILBERT, J. It is not deemed useful to elaborate any of the

headnotes except the fifth. The movant complains that the court erred in failing to charge the jury in the language of the Penal Code, § 1020, as follows: "The burden of proof generally lies upon the party asserting or affirming a fact, and to the existence of whose case or defense the proof of such fact is essential. If a negation or negative affirmation be so essential, the proof of such negative lies on the party affirming it." There was no request so to charge. The court did instruct the jury: "The defendant enters on the trial of her case with the presumption of innocence in her favor, and that presumption remains with her throughout the trial, unless her guilt be established beyond a reasonable doubt. By reasonable doubt is meant such a doubt as arises in the minds of honest, impartial jurors from consideration of the evidence, the lack of evidence, or from the defendant's statement. If, after such consideration of the case, there is no reasonable doubt on your minds about her guilt, you ought to find her guilty. If, on the other hand, after such consideration of the case there remains on your minds any reasonable doubt about her guilt, she should have the benefit of the doubt and you should acquit her." The foregoing is a comprehensive and correct instruction on the subject of reasonable doubt. As was said in *Thomas* v. *State*, 129 *Ga.* 419, 423 (59 S. E. 246) : the judge "very clearly stated that if, after considering the entire case, the jury should have a reasonable doubt of the defendant's guilt, it was their duty to return a verdict of not guilty. He did not in hæc verba instruct the jury that the burden of proving the defendant guilty rested upon the State; and this verbal omission is alleged as error. The law regards substance more than form. *The instruction given embraces the proposition that the burden of proof is upon the State, and that the evidence must show the defendant's guilt beyond a reasonable doubt, before a conviction could be had.* [Italics ours.] The law requires that the evidence shall show the guilt of the accused beyond a reasonable doubt; if the evidence be not of this degree of strength it raises a reasonable doubt of guilt. So, after all, the reasonable doubt grows out of a consideration of the evidence, its insufficiency or conflicting character. *Long* v. *State*, 38 *Ga.* 491; *O'Dell* v. *State*, 120 *Ga.* 152 [47 S. E. 577]." Therefore the court did not err in omitting to give in charge in hæc verba the provisions of the Penal Code, § 1020.

*Judgment affirmed. All the Justices concur, except Russell, C. J., dissenting.*