### 25763.   McDUFFIE *v.* THE STATE.

Decided September 22, 1936.

*D. L. Henderson, McDonald & McDonald,* for plaintiff in error.
*Allan C. Garden, solicitor-general, Watts Powell,* contra.

MacIntyre, J.   ■   Both the cashier and the assistant cashier of the Exchange Bank of Unadilla having sworn that they positively identified Julian McDuffie as one of the two men who held them up with pistols and robbed said bank about half past one o'clock on the afternoon of September 16, 1935, this court can not do otherwise than hold that the judge did not err in overruling the general grounds of the motion for new trial.

■   "The law regards substance more than form" (*Thomas* v. *State,* 129 *Ga.* 419 (4), 423, 59 S. E. 246) ; and where the court charged the jury that "the defendant enters upon the trial . . with the presumption of innocence in his favor, and that presumption remains with him until and unless the State shall overcome and remove it by the introduction of testimony . . sufficient to convince your minds beyond a reasonable doubt of the guilt of the accused," there is no merit in the assignments of error in special grounds 1 and 2 of the motion for new trial, that the court (without request) failed to charge (1) that "the burden is upon the State to prove each and every material allegation of the in-

dictment beyond a reasonable doubt," and (2) that "the burden is upon the State to prove the guilt of the accused beyond a reasonable doubt." *Thomas* v. *State,* supra; *Watts* v. *State,* 20 *Ga. App.* 182 (2), 183 (92 S. E. 966); *Speed* v. *State,* 176 *Ga.* 751 (5), 752 (168 S. E. 891).

■ Where, in the absence of the clerk of the court, counsel for the defendant requests that the jury be polled and remains quiescent while the judge calls the name of each juror, the solicitor-general propounds the usual questions asked jurors in such cases, and each juror answers that the verdict is his, the defendant is deemed to have waived any right he may have had to raise the contention that it was reversible error for the solicitor-general, instead of the clerk of court, to propound such questions to the jurors.

■ Error is assigned because the court refused to grant counsel's motion to declare a mistrial when the solicitor-general stated in his argument to the jury that the defendant "was a gambler by reputation," the defendant not having put his character in issue. The ground avers: "The court ruled that it was not proper argument, but remarked he would permit State's counsel to argue that Julian McDuffie had engaged in playing poker, as the evidence showed, but not by reputation, and that the jury should disregard such argument." In the light of this instruction to the jury, the court did not err in refusing to declare a mistrial.

■ Error is assigned because the court refused to declare a mistrial when the solicitor-general addressed the jury as follows: "If Julian McDuffie is not guilty, what was he doing riding around Unadilla that day with Wright Morris?" (Morris was jointly indicted with the defendant.) The court's statement to the jury that he did not "recollect any evidence connecting Wright Morris with the crime," and that they should disregard that part of counsel's argument, was sufficient without declaring a mistrial.

■ Another ground is based on alleged newly discovered evidence tending to contradict the testimony of the sheriff of Dooly County, that "on Thursday afternoon after the bank was robbed" he saw the defendant at a filling-station in Abbeville, with three or four men in a Ford V 8 automobile. The showing made by the defendant was contradicted by counter-affidavits adduced by the State. At the trial of the case two witnesses testified that they

saw the defendant rob the bank. "Where a ground of a motion for a new trial based on newly discovered evidence is filed, and a counter-showing is made, so that a conflict arises as to the material facts upon which the ground is based, a reviewing court will not, except in a case of manifest abuse of discretion, reverse the finding of the trial judge." *Fouraker* v. *State,* 4 *Ga. App.* 692 (62 S. E. 116); *Central of Georgia Ry. Co.* v. *Clark,* 15 *Ga. App.* 16 (2) (82 S. E. 600); *Tyre* v. *State,* 38 *Ga. App.* 206, 209 (143 S. E. 778); *Rushing* v. *State,* 167 *Ga.* 280 (145 S. E. 453). "Courts are not obliged to grant a new trial for newly discovered evidence unless they are reasonably convinced that on another trial there, would probably be a different verdict." *Young* v. *State,* 56 *Ga.* 403 (4). Under these rulings the court did not err in refusing a new trial because of newly discovered evidence.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*