SOUTHWELL *v.* THE STATE.

No. 12825. JUNE 15, 1939.

*Robert B. Williamson, P. B. Ford,* and *R. S. Foy,* for plaintiff in error.

*Ellis G. Arnall, attorney-general, W. C. Forehand, solicitor-general, J. H. Tipton, Duke Davis* and *B. B. Zellars, assistant attorneys-general,* contra.

JENKINS, Justice. W. F. Southwell was found guilty, with a recommendation, of the murder of Cautese Houston by pistol shots. The defendant shot and wounded Tannie Giddens at the same time. The homicide occurred at a filling-station and storehouse. The accused in his statement to the jury contended that he shot the deceased and Giddens while they were advancing on him with open knives. His statement was partly corroborated by testimony as to the finding, on the next morning, of an open knife belonging to the deceased; but the wife of the deceased testified that this did not belong to him, and that after his death she found his own knife closed in his pocket. Four eye-witnesses testified for the State that the defendant shot the deceased and Giddens while they were unarmed, and as to the circumstances of the killing, which showed nothing to reduce the homicide from murder. The ground of newly discovered evidence from an alleged eye-witness, found after the trial, was resisted by the affidavits of several witnesses for the State, who not only denied the testimony of the new witness that the defendant shot the deceased after being attacked with an object that looked like a knife, but also denied that this witness was present at the time of the homicide. The defendant excepted on the general grounds, which are not argued or insisted upon; on the ground of exclusion from evidence of a knife, as indicated in the next paragraph; and because of the newly discovered evidence.

In this indictment for murder by a pistol wound, the defendant contended that he shot the deceased and another person while they were attacking him with knives. The general grounds are

not argued or insisted on. Without tendering the knife itself, the defendant introduced testimony that an open knife belonging to the deceased was found the next morning at the scene of the homicide; and further testimony that another open knife was found about ten days later on other premises about 30 or 35 feet distant. He excepted to the exclusion from evidence of the latter knife. In the absence of any testimony to account for its presence and associate it with the events of the homicide, or to identify it as belonging to either of the persons shot, the court did not err in excluding it.

■ Where a motion for new trial is based on the ground of newly discovered evidence, and there is a counter-showing, with conflicting evidence as to the truth of the alleged newly discovered facts, this court will not interfere with the grant or refusal of a new trial on that ground, unless there has manifestly been an abuse of the discretion which the law has vested in the trial judge, but not conferred on this court. *Atlanta Consolidated Street Railway Co.* v. *McIntire*, 103 *Ga.* 568 (2) (29 S. E. 766); *Rushing* v. *State*, 167 *Ga.* 280 (2) (145 S. E. 453); *O'Neil* v. *State*, 104 *Ga.* 538 (2), 544 (30 S. E. 843); *Staton* v. *State*, 174 *Ga.* 719 (2), 726 (163 S. E. 901); *Fouraker* v. *State*, 4 *Ga. App.* 692 (62 S. E. 116); *McDuffie* v. *State*, 54 *Ga. App.* 261, 263 (187 S. E. 672); *Phillips* v. *State*, 56 *Ga. App.* 463 (192 S. E. 840); Code, § 70-204. The newly discovered evidence in this case, from a witness who claimed to have been present and to have seen the homicide, and who corroborated the statement of the defendant that he shot in self-defense, being contradicted by witnesses in a counter-showing by the State, not only as to the statements of the witness, but as to the fact of his being present, the judge did not abuse his discretion in refusing a new trial on this, the only remaining ground. See *Morris* v. *State*, 177 *Ga.* 365 (170 S. E. 217).

*Judgment affirmed. All the Justices concur.*