## 28987. HODGES *v.* THE STATE.

DECIDED SEPTEMBER 12, 1941.

*J. Benton Evans, Irwin L. Evans, M. L. Gross,* for plaintiff in error.

*W. H. Lanier, solicitor-general,* contra.

MACINTYRE, J. The only question argued, set out, or mentioned is whether a new trial should be granted on account of certain alleged newly discovered evidence to the effect that one Sam Willie Yates, brother of Lonnie Yates and a brother-in-law of Mrs. Myrtis Yates (Lonnie's wife), would testify that Mrs. Yates told him after the trial that if Lonnie Yates had not been drunk he would not have got shot, that when the car drove up Roosevelt Hodges (defendant) was out in the bushes, that her husband got out of the car with his knife in his hand and started toward the defendant, that she told the defendant not to shoot him, that she jumped in between them, and that the defendant and her husband would move around to keep her from being between them.

It appeared from the evidence that the defendant, Lonnie Yates, Willie Brantley, and Cluese Kitchens all went into the swamp on the morning in question and that Lonnie Yates carried a shotgun. They went to the river, crossed over to a Mr. Lord's and purchased some whisky. While over there they took several drinks. During the course of the morning they drank some more, and about noon the defendant had had one or two drinks too many and lay down for a nap. Lonnie Yates then went up to his house and obtained a pint of milk for the defendant. The defendant drank the milk and lay back down for a "good little bit." Lonnie then tried to get the defendant to go up to his home for dinner and the defend-

ant started cursing Lonnie. Lonnie was shaking the defendant and the defendant asked him if he was the sheriff, and Lonnie said, "Yes." Then the defendant started cursing the sheriff, and called him a —— —— s. o. b. Finally the defendant was taken to Lonnie's home and ate a little dinner. He then went to sleep. About two o'clock in the afternoon the defendant left.

About sundown Lonnie, his wife and the baby, went for a ride in their car. They were riding along slowly in low gear. The defendant stepped out in the road with a gun and pointed it at Lonnie. Lonnie got out of the car and walked around in front of it. Willie Brantley and Kitchens were standing up the road. Both testified that the defendant had come by their home saying he was going to kill Lonnie. They tried to dissuade him but to no avail; then he started out and they followed him, and on one occasion tried to take the gun from him. The defendant cursed Lonnie and said, "I am going to kill you." Lonnie's wife, Mrs. Lonnie Yates, then interceded, but to no avail. She testified on cross-examination that her husband did not attack the defendant with a knife and had not been drinking that day, that the defendant was in the road until they approached in the car, and that he then stepped out as if to let them by. The defendant then fired one shot into Lonnie's shoulder while he was standing by the front fender of his car. Lonnie then retreated along the side of the car, walking sideways, and the defendant fired through the wind shield and the bullet lodged in Lonnie's head. The defendant left, and Lonnie went down to Willie Brantley's house and thence to a doctor in town. Willie Brantley and Kitchens in effect testified to the same thing. In his statement to the jury the defendant contended that Lonnie attacked him with a knife and that he shot him in self-defense. Mrs. Yates's testimony on cross-examination was contradictory of that which the defendant set forth in the motion for new trial as allegedly newly discovered evidence, and it is apparent that the latter is only impeaching in character. Dan Yates, prosecutor and uncle of Lonnie Yates, has said he is willing for the defendant to have a new trial because he knows of certain facts which were not set out in the motion for new trial and that he did not know of them at the time of the trial. This is a case of the State against the accused, and the wish or consent of the prosecutor is not controlling on the question of the grant of a new trial.

The evidence authorized the verdict and the judge did not err in overruling the motion for new trial for any reason assigned.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*