### 29869. KENNEDY *v.* THE STATE.

DECIDED JANUARY 12, 1943.   REHEARING DENIED FEBRUARY 23, 1943.

*Steve M. Watkins, S. P. Cain, W. L. Bryan,* for plaintiff in error.   *George R. Lilly, solicitor-general, Claude Shaw,* contra.

GARDNER, J.   The defendant was convicted of the offense of assault with intent to murder. He filed a motion for new trial which was overruled and he excepted.

1.  We will deal with the grounds of the amended motion first. Grounds 1, 2, and 7 assign error on that portion of the charge as follows: "If you believe from the evidence in the case that the defendant, Noah Kennedy, in the County of Thomas, on or about the time named in the indictment, acting alone, or in conjunction with W. E. Broome, whom you believe to have been then and there present, aiding and abetting him in committing the act, did unlawfully, feloniously, and with malice aforethought, and with a certain knife which you believe to have been a certain weapon likely to produce death, in and upon one Willie J. Christie, a human being, in the peace of the State, did make an assault upon Willie J. Christie, with intent to kill and murder the said Willie J. Christie, the said W. E. Broome being then and there present, aiding and abetting him in committing the act with said weapon,—as I say, if Noah Kennedy, alone, or Noah Kennedy being then and

there present aiding and abetting W. E. Broome, did unlawfully, feloniously and with malice aforethought, cut and stab and wound the said Willie J. Christie, with intent to kill him as alleged,—if you believe that to be the truth of the case,— and you see no justification for it, then it would be your duty to find the defendant on trial, who is Noah Kennedy, guilty."

The following errors are assigned: (a) The charge misled and confused the jury. (b) It authorized the jury to convict the defendant irrespective of whether the defendant participated in the felonious design of W. E. Broome. (c) The court should have instructed the jury that before they could find the defendant guilty of assault with intent to murder they should find that the defendant made an assault upon Christie with a weapon likely to produce death, with the specific intention to kill Christie, and under circumstances that if death had ensued it would have been murder, or that Broome made such felonious assault on Christie and the defendant participated in such felonious design with intent to kill. (d) The court nowhere charged that if the jury found the defendant did not commit an assault on Christie with intent to kill him and under such circumstances that had death ensued it would have been murder, but did find that Broome made such felonious assault on Christie, the jury would not be authorized to convict the defendant of assault with intent to murder unless they also found that the defendant had participated in such felonious design of Broome, there being evidence that defendant and Broome made separate assaults on Christie and cut and stabbed him. Defendant and Broome being jointly indicted, the failure to so charge left the jury without proper instructions. All of which prejudiced movant. (e) The charge was misleading because it authorized the jury to find the defendant guilty if either he or Broome made a felonious assault on Christie, irrespective of whether the defendant participated in such design or intent of Broome. (f) Because the court should have charged the jury that the defendant could not be convicted of assault with intent to murder unless they found he assaulted Christie with a weapon as charged in the indictment with specific intent to kill Christie, and under circumstances that had death ensued it would have been murder, or that Broome committed such assault on Christie and defendant participated in such assault.

We have thus specified the errors assigned for failure to charge in the manner hereinbefore set forth for the reason that counsel for plaintiff in error thus presents them in his argument. By reference to the entire charge of the court we find that the jury was properly instructed regarding "intent to commit murder." The court properly and correctly charged the elements essential to constitute the offense of murder. Immediately thereafter the court charged the jury as set forth in the excerpt hereinbefore set out. The defendant and Broome were charged as principals under the Code, § 26-501. This section provides that a principal in the first degree is the actual perpetrator of the crime, and a principal in the second degree is one who is present aiding and abetting the act to be done by the actor. In a case such as is now before us the law holds both such principals to the same degree of responsibility. As we construe the meaning and effect of the charge on which error is assigned, it states the law correctly. In instructing the jury that if the defendant was guilty of the conduct as "alleged in the indictment," that is, that he made the felonious assault with intent, with a deadly weapon and with malice as set forth in the indictment, in the rôle of the actual perpetrator, they would be authorized to convict him, or if Broome did such things as "alleged in the indictment" as the actual perpetrator and the defendant was present aiding and abetting Broome, the jury would be authorized to convict the defendant, we think the rule of law was correctly stated. Counsel for plaintiff in error contends that, since there was some evidence to the effect that Broome and Kennedy made separate assaults on Christie, the court should have gone further and charged to the effect that Kennedy should not be convicted of a felonious assault made by Broome in which Kennedy did not participate by aiding and abetting. The effect of the contention is not so much that the charge as given was erroneous, but that it should have been more extended, under the evidence. In other words the converse should have been charged. The effect of the charge was to distinctly instruct the jury that before they would be authorized to find the defendant guilty they must believe that under the evidence defendant was a principal in the first or the second degree. The court further charged elsewhere that if the jury did not believe the defendant so guilty beyond a reasonable doubt they should acquit him. We do not think that,

under the facts of this case, without a written request to do so, the judge was required to go further and charge the converse to the effect that if Broome made a felonious assault on Christie, in which the defendant did not participate by being present, aiding and abetting, the defendant would not be guilty.

In a trial for assault with intent to murder it is necessary for the court to instruct the jury fully as to the essentials which go to make up this offense. This may be done, as was done in this case, without charging that the assault must be made under such circumstances and conditions that if death had ensued the crime would have been murder. The assignment of error set forth in grounds 1, 2, and 7 of the amended motion are without merit for any of the reasons assigned.

2. Ground 3 complains of admission of testimony of Christie over objection of defendant to the following effect: Q. "In your opinion what caused that wound on your neck?" A. "A pocket-knife." This evidence was objected to on the ground that it was expert testimony. The entire testimony of Christie on this point was: "I have seen cuts before, different cuts. I saw the cut in a mirror after it was sewed up, and from seeing believe it was cut with a pocketknife. . . I say he cut me because I felt it." We do not understand this to be expert testimony. It would appear to be admissible under the Code, § 38-1708. The admission of the testimony as set forth in this ground was not error for any reason assigned.

3. Grounds 4 and 5 allege error, (a) because there was no evidence showing that defendant cut Christie with a knife as set forth in the indictment; (b) there was no evidence that the weapon used was one likely to produce death. The scar on the neck of Christie was exhibited to the jury. The record is silent as to the exact location and extent of the wound, but since the jury saw it, and since they were properly instructed that in this character of case the weapon used must be one likely to produce death, and since the judge approved the finding, we can not say as a matter of law that there was no evidence to support the finding. From the effect of the weapon the jury was authorized to infer the character of the weapon. *Paschal* v. *State*, 68 *Ga.* 818. In *Turner* v. *State*, 57 *Ga.* 107 (2), the court said: "Therefore the charge that the assault was made with a knife as the weapon likely to produce

death, was sufficiently proven by showing the wound, and how it was made, and the sensation of the person 'cut." In *Trowbridge v. State,* 74 *Ga.* 431 (4-a), the court said: "It is not indispensable to prove the precise weapon set forth in the indictment. It is sufficient if both were weapons likely to produce death, and were capable of inflicting the same character of injury." See also in this connection *Watson v. State,* 21 *Ga. App.* 637 (94 S. E. 857), where the indictment charged that the attack was made with a soda-water bottle. In that case the court charged the jury that if the proof showed that the assault was made with an instrument of similar nature, a blunt instrument which would inflict a wound of the same character as might have been inflicted with the bottle, the averment would be sufficiently proved. These assignments are without merit.

4. Ground 6 is based on newly discovered evidence. The State made a countershowing to the effect that the witness Dupree who, it is alleged, possessed the facts on which the motion was based, was not present at the scene of the difficulty. It appears that the evidence is impeaching in its character. Aside from this, the issue made by the countershowing was resolved against the defendant by the judge. He did not abuse his discretion. See *Hodges v. State,* 65 *Ga. App.* 758 (16 S. E. 2d, 512); *Southwell v. State,* 188 *Ga.* 310 (4 S. E. 2d, 26); *O'Neil v. State,* 104 *Ga.* 538 (30 S. E. 843). Compare *Burgess v. State,* 93 *Ga.* 304 (20 S. E. 331).

5. The evidence was sufficient to sustain the verdict.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

ON MOTION FOR REHEARING.

If we may concede that the alleged newly discovered evidence was not wholly impeaching in its character, still, after a careful consideration of the record, we are convinced that there was an issue made by the counter-showing of the State, and the judge did not abuse his discretion in resolving this issue against the defendant. We think the other questions raised in the motion for rehearing are sufficiently dealt with in the original opinion.

*Rehearing denied. Broyles, C. J., and MacIntyre, J., concur.*