## 55658. FAMBROUGH v. THE STATE.

SHULMAN, Judge.

This appeal is from appellant's conviction for burglary.

1. Two enumerations of error, one on the general grounds and one complaining of pre-sentencing procedure, have been abandoned and will not be considered.

2. Appellant complains of an improper remark of the prosecuting attorney made during the state's opening statement. Without deciding whether the remark was in fact improper, we note that no objection was made to the trial court. When improper argument is made, an objection is necessary to make it a basis for review.

*Culpepper v. State,* 132 Ga. App. 733 (5) (209 SE2d 18).

3. Contending that there was no evidence that the storage area appellant allegedly entered was the place named in the indictment, appellant claims that there was a fatal variance between the allegata et probata. On the contrary, the record contains unequivocal and uncontradicted testimony that the place from which appellant took a lawn mower was an integral part of the structure in which the business named in the indictment is located. There was no variance.

4. The state's witnesses identified appellant in court as the burglar. Appellant now contends that the in-court identification was tainted because appellant was the only black man in the courtroom. That argument has no merit. The state sufficiently showed that the in-court identification sprang from an independent and untainted source (see *Yancey v. State,* 232 Ga. 167 (205 SE2d 282)), to wit, the opportunity the witnesses had to view appellant at the time the crime was committed. One witness watched appellant remove the lawn mower from the burglarized premises; the others chased him down and apprehended him. The reliability of the identification was sufficiently established.

5. In his charge to the jury, the trial judge said, "If, after giving consideration to all the facts and circumstances of this case, your minds are wavering, unsettled, and unsatisfied, then that is the doubt of the law and you should acquit." Appellant attacks the use of the word "should" in the charge, contending that it authorized the jury to convict appellant even if reasonable doubt existed, because the word "should" is not mandatory. We do not believe the instruction is vulnerable to the attack made. In *Speed v. State,* 176 Ga. 751 (5) (168 SE 891), the Supreme Court ruled that a very similar charge, using the word "should" in the same manner as it was used in this case, was a correct charge. We also note that the charge used in this case was taken verbatim from the model jury instructions prepared by the Committee on Pattern Jury Instructions, Council of Superior Court Judges of Georgia. We find no error in the charge as given. See also *Dasher v. State,* 140 Ga. App. 517 (6) (231 SE2d 510); *Scarborough v. Walton,* 36 Ga. App.

428 (1) (136 SE 830).

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

SUBMITTED APRIL 10, 1978 — DECIDED JUNE 20, 1978.

*Huff & Moore, Richard L. Moore,* for appellant.
Johnny Fambrough, *pro se.*
*Thomas J. Charron, District Attorney, Sallie G. Thompson, Assistant District Attorney,* for appellee.