*William Boyd Lyons,* for appellant.
*Fred D. Bentley, Sr.,* for appellee.

36999. LYONS v. THE STATE.

CLARKE, Justice.

Appellant Lyons was found guilty of the murder of Willie L. Cooper and the armed robbery of Leon Carter. He was sentenced to life imprisonment on each count, to be served concurrently. On the evening of July 20, 1979, at approximately 10:30 p.m., Leon Carter and Willie Cooper met at a poolroom. Later in the evening, Cooper, Carter, and a woman were playing a dice game on the sidewalk in front of the building. A man later identified as Lyons asked to place a dollar bet, but the others did not respond because they were placing five and ten dollar bets. The man reappeared later with a second man and approached the players. The shorter man, later identified as Lyons, cursed and demanded money and then began shooting. Cooper was killed in the shooting, and Carter was wounded. Carter was also robbed of between $110 and $130. At trial, Carter, who had given a description to the police, identified Lyons in court as the individual who shot him. The court specifically instructed the jury not to consider this in-court identification because of improper police procedures in regard to identification that occurred near the time of the arrest.

Several witnesses who were on the scene at the time of the incident identified Lyons as the assailant. Reneda Glover and Nakitra Terry both positively identified Lyons as the person who had done the shooting. Both of these women were at the CB Club, located next to the poolroom, and both were standing in the doorway at the

time of the shooting. Glover observed that Lyons fired a silver pistol and that she had a clear look at his face. Terry and Glover testified that they had seen Lyons on a second and a third occasion when he returned to the poolroom. Both of these women identified Lyons at a police lineup as the assailant. A third woman, Deborah Reid, identified Lyons at the police lineup as the person she had seen in the poolroom following the shooting. She also said that he could have been the same person she saw running down North Avenue on the night of the shooting but that she was not sure. Deborah Reid retracted a statement made earlier to police positively identifying Lyons as the man running on North Avenue on the night of the shooting. Thomas Varner, whose mother's house was located near the scene of the crime, testified that he saw two men running from the scene of the crime. One of these men was short and stocky and carried a chromeplated pistol. He testified that the second man was taller and slim. Varner picked Lyons out of photographic lineups and at trial testified that he was seventy-five to eighty percent sure that appellant was the man he had seen on the night of the shooting.

At trial, Lyons tendered a defense of alibi, saying that he had spent the evening of July 20 visiting his wife in the hospital and with his wife's cousin, Alice Gay, drinking champagne and smoking marijuana. Both appellant's wife and her hospital roommate confirmed his story that he had visited the hospital on the evening in question, but both testified that he had left the hospital between 8:30 and 9:30 p.m.

The only error enumerated by appellant in this appeal is that the identification testimony was so tainted that defendant did not receive a fair trial. The basis for appellant's assertion that the identification evidence was tainted is the fact that the three women who identified appellant were friends and apparently talked among themselves about the shooting and particularly about the identification of the appellant when he returned to the pool hall some days after the shooting. Appellant, relying on Neil v. Biggers, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972), insists that the identification evidence was tainted. Neil v. Biggers, however, and other cases relied upon by appellant, deal with the suggestiveness of a confrontation procedure used by police for purposes of obtaining witness identification. See *Yancey v. State,* 232 Ga. 167 (205 SE2d 282) (1974); *Clark v. State,* 149 Ga. App. 641 (255 SE2d 110) (1979). Appellant here does not complain about the identification at the police lineup but, rather, he complains of the identification of appellant at the poolroom when the three women saw appellant and contacted the police. This is not a question of confrontation procedures set up by the police being so suggestive as to taint the

identification. The issue is simply one of the credibility of the testimony of eyewitnesses to the event. There was no motion at trial to suppress the in-court identification of appellant by Glover, Terry or Reid. There was no objection at trial to their identification as tainted by pre-trial identification procedures.

The issue here is not the possible taint of identification due to suggestive pre-trial procedures but, rather, the credibility of eyewitnesses to the incident. The due process protection of the Fourteenth Amendment to the United States Constitution protects the citizens against state action rather than against citizen action. In order for the Fourteenth Amendment to come into play in an identification procedure, state action must be involved. *Riden v. State,* 151 Ga. App. 654 (261 SE2d 409) (1979). Here, the conduct complained of was possible conversation between the three women who gave identification testimony. There is no indication of suggestive police activity of any kind in the identification. Therefore, issues regarding credibility of witnesses must be resolved by the trier of fact. *Young v. State,* 232 Ga. 176 (205 SE2d 307) (1974); *Redd v. State,* 154 Ga. App. 373 (268 SE2d 423) (1980). Having reviewed the evidence, we have concluded that Glover and Terry, the two eyewitnesses who were certain in their identification of appellant, had ample opportunity to observe appellant at the time of the shooting, and that there was no substantial likelihood of misidentification. There was sufficient evidence to support a jury finding that the in-court identification was reliable. Therefore, the identification evidence adequately supported the verdict.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 15, 1981.

*Brooks S. Franklin,* for appellant.
*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Assistant District Attorney, Arthur K. Bolton, Attorney General, Nicholas G. Dumich, Assistant Attorney General,* for appellee.