37589. KELLEY v. THE STATE.
37590. GRIFFIN v. THE STATE.

CLARKE, Justice.

Co-defendants Griffin and Kelley were convicted of murder of Mary Worthy and sentenced to life imprisonment. Both Griffin and Kelley assign as error the trial court's failure to grant a mistrial requested following remarks by the district attorney during closing argument. In addition, Kelley contends that there was insufficient evidence to sustain a verdict of guilty in his case because of identification evidence at trial. Kelley further enumerates as error the trial court's denial of his motion to sever his trial from that of his co-defendant. We affirm.

1. In closing argument, the district attorney said: "If you ladies and gentlemen of the jury are as outraged as I am about this case, if you are as horrified as I am about the fact that an armed robbery and murder can occur in broad daylight on the Square in LaGrange, and if you are as convinced as I am that these two defendants are the two that robbed Worthy Insurance Agency and killed Mrs. Worthy, then for Mrs. Worthy, then based on the evidence, . . ." At this point there

---

was an objection on the ground that the district attorney had injected his own personal opinion into the argument. The court responded by saying: "He can express the point of what his evidence shows. If he said anything he shouldn't, I'll rebuke him and ask the jury to disregard it." Counsel for both defendants then moved for a mistrial, which was denied. Both defendants appeal from the denial of the motions for mistrial.

It is improper for the prosecutor to state his personal opinion that a defendant charged with a crime is guilty. However, where the trial court promptly acts to prevent harm, a new trial will not be granted. *Howard v. State,* 229 Ga. 839 (195 SE2d 14), cert. denied 411 U. S. 950 (1972); *Johnson v. State,* 150 Ga. 67 (102 SE 439) (1920). Here the court stated the correct rule that the prosecutor may state what the evidence shows and indicated that the prosecutor should stand rebuked if his statement went beyond the statement of what the evidence showed. We have concluded that since the trial court acted promptly to prevent any prejudice to either defendant because of the remarks of the district attorney, there was no requirement that defendants be given a new trial.

2. Defendant Kelley insists that the evidence against him was insufficient to sustain a verdict of guilty inasmuch as the only positive identification came from the victim's husband who suffered from impaired vision. Kelley contends that under Neil v. Biggers, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972), this identification evidence was tainted. However, Neil v. Biggers and other cases relied upon by Kelley deal with suggestive confrontation procedures used by police to obtain identification. The issue here is simply one of credibility of a witness who was subjected to a thorough cross-examination. The issue of credibility must be resolved by the trier of fact. *Lyons v. State,* 247 Ga. 465 (277 SE2d 244) (1981); *Riden v. State,* 151 Ga. App. 654 (261 SE2d 409) (1979). Therefore, Kelley's reliance upon Neil v. Biggers, supra, and its progeny is misplaced.

The broader question raised in this enumeration of error is whether there was sufficient evidence to sustain a verdict under the test set out in Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979): "[W]hether after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." We hold that the evidence here was sufficient to meet the standard.

Mr. Worthy, who was an eyewitness to the murder of his wife, positively identified both defendants. Cross-examination revealed that Mr. Worthy's eyesight was impaired. There was further identification of Griffin by a United Parcel Service deliveryman who

was outside the Worthy Insurance Agency during the entire episode. This witness saw two black males go into the office, heard a shot, and saw the two emerge. One of them, whom he positively identified as Griffin, was sticking something which appeared to be a gun into the waist of his trousers as he came out of the office. He was unable to identify Kelley as the second man. Other witnesses placed Kelley in the company of Griffin, both before and after the robbery and shooting. Griffin was positively identified by Mr. Worthy and the United Parcel Service deliveryman. Kelley was also recognized in the area of the crime minutes before the crime by a shop owner who knew him. Further, a letter addressed to Kelley was found in the car belonging to Griffin which was identified as the getaway car.

Although cross-examination revealed that Mr. Worthy had no sight in his left eye and that vision in his right eye was on some days fogged up and on other days reasonably clear, Mr. Worthy never waivered in his identification of Kelley. At trial Mr. Worthy's eyesight was sufficiently clear that he was able to describe the dress of one of the two defendants from the witness box, including the fact that he was wearing a striped tie. Mr. Worthy had an ample opportunity to view the defendant at the time of the crime. In *Fambrough v. State,* 146 Ga. App. 328 (246 SE2d 384) (1978), the defendant challenged the in-court identification on the basis that he was the only black man in the courtroom. The court found that the identification was based not upon a suggestive situation at the time of trial but was based upon the opportunity of the witness to observe the defendant at the time of the crime. The situation is similar here. Mr. Worthy expressed certainty as to his identification of Kelley. The jury could find that the in-court identification sprang from the earlier identification of Kelley at the time of the crime.

3. The third enumeration of error assigned by Kelley is that the court erred in failing to grant his motion to sever his trial from that of Griffin. This court in *Cain v. State,* 235 Ga. 128 (218 SE2d 856) (1975), set out factors which a trial court must consider in exercising it discretion in regard to a motion to sever in a case in which the death penalty is not sought. These considerations are: (1) Will the number of defendants create confusion as to the law and evidence applicable to each? (2) Is there a danger that evidence admissible against one defendant will be considered against the other despite the court's instructions? (3) Are the defenses of the defendants antagonistic to each other or to each other's rights? Id. at 129. None of these factors is present here. There was no danger of confusion because of the number of defendants, there being only two. There was no evidence admissible against one which was inadmissible against the other. Finally, the defenses of the respective defendants were not an-

tagonistic. The mere fact that the case against Griffin was stronger than the case against Kelley did not necessitate a separate trial.

*Judgment affirmed. Jordan, C. J., Hill P. J., Marshall, Smith and Gregory, JJ., concur.*

DECIDED SEPTEMBER 9, 1981.

Mack Reynolds, Zachry & Kirby, Alfred F. Zachry, for appellants.

*Arthur E. Mallory III, District Attorney, Marc E. Acree, Assistant District Attorney, Arthur K. Bolton, Attorney General, Michael R. Johnson, Assistant Attorney General, for appellee.*