A89A0589. JACKSON v. THE STATE.
(381 SE2d 392)

DEEN, Presiding Judge.

The appellant, Kenneth Jackson, was convicted of burglary and rape.

The evidence at trial showed that during the early morning hours of July 25, 1987, Jackson forcibly entered the victim's bedroom window. After holding the victim down and raping her, Jackson went outside briefly to replace the window screen. During his absence, the victim noticed a wallet on her bed, looked through it, and found check stubs and an identification card bearing Jackson's name. She pushed the wallet under the bed mattress as Jackson started to come through the window again, and then she ran out of the trailer. As Jackson was re-entering the trailer, the victim recognized him as a casual acquaintance. Police officers subsequently took the victim to a hospital for a physical examination, which revealed that the victim had recently had sexual intercourse.

Jackson denied committing the offenses, and claimed that he had been out most of the night drinking with friends until he went home. Following his arrest, he had his grandmother, with whom he lived, to produce his wallet, which contained check stubs and an identification card. *Held:*

1. Contrary to Jackson's contention, the evidence authorized a rational trier of fact to find him guilty beyond a reasonable doubt of burglary and rape. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Jackson contends that the trial court erred in allowing the victim to make an in-court identification of him, when there were no other blacks in the courtroom, other than jurors, for the victim to identify as her assailant. This court has already decided this issue adversely to Jackson's contention. *Fambrough v. State*, 146 Ga. App. 328 (246 SE2d 384) (1978).

3. Jackson's subsequent motion for new trial because of newly discovered evidence was based on an affidavit of a person who claimed that before the trial the victim had stated that she did not know who her assailant was. This "newly discovered evidence" merely served to impeach the victim's testimony, and thus did not warrant granting a new trial. *Timberlake v. State*, 246 Ga. 488 (271 SE2d 792) (1980).

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED MARCH 17, 1989 —
REHEARINGS DENIED MARCH 28, 1989 AND APRIL 4, 1989.

*John J. Pilcher II*, for appellant.
*Richard A. Malone, District Attorney*, for appellee.