51478. PARKER v. THE STATE.

Evans, Judge.

Defendant was indicted and tried for aggravated assault. He was convicted of simple battery and sentenced to serve 12 months. Motion for new trial was denied. Defendant appeals. *Held:*

1. An altercation occurred between the victim and the defendant. The defendant admittedly hit the victim with a tire tool but offered testimony to the effect that he did so under the fears of a reasonable man especially as the victim had his hand in his pocket. The jury thought otherwise. The evidence supports the verdict of guilty, and the general grounds of the motion are not meritorious. *Pennington v. State,* 117 Ga. App. 701 (1) (161 SE2d 327).

2. The incident occurred at a camping ground. Defendant complains of the testimony of the victim as to his going to church, having joined the church and being baptized. But this complaint was made for the first time in this court, and it is not shown that any objection was made to the testimony in the lower court. There had been an objection to a different question earlier, but not to this question. Further, the court cautioned the witness to answer the question only. There is no merit in this complaint. *Cox v. Cody & Co.,* 75 Ga. 175 (1a); *Southern Pine Co. v. Smith,* 113 Ga. 629 (3), 633 (38 SE 960); *Ocilla Truck &c. Co. v. Nolan,* 124 Ga. App. 417 (3) (184 SE2d 48).

3. Objection was made to the victim's testimony in regard to his remonstrating with defendant when he was cursing, which was "here now, let's have none of that." The victim also testified he made this statement because it was his "responsibility to stand up for God and not be ashamed of Him," explaining why he made the remark, which may have been somewhat self-serving, and to seek the jury's approval of the victim's remark. But the first remark was part of the res gestae, and the latter remark was to explain his conduct. See Code § 38-302; *Shirley v. State,* 168 Ga. 344 (1) (148 SE 91). It was not subject to the objection that it was a conclusion, highly harmful and prejudicial.

4. A medical doctor testified as an expert witness that he had examined the victim on March 11, 1974, and the victim had "stitches on the cheek which had been placed there on the 9th . . . had considerable swelling above the left eye and he had a fracture." This testimony does not appear to be testimony he had obtained from another, but appears to be testimony of his own expert observations. There is no merit in the complaint that he was giving the opinion of others. Nor did defendant make any objection to this testimony. See *Ocilla Truck &c. Co. v. Nolan,* 124 Ga. App. 417 (3), supra.

5. A hypothetical question was asked of the medical expert witness as to his opinion, based on his background as a medical doctor, as to what caused or might have caused this laceration now on the victim's cheek. This was a sufficient foundation to ask this question since it was based on the expert's knowledge and the facts in the case. There is no merit in this complaint. See Code § 38-1710; *Von Pollnitz v. State,* 92 Ga. 16 (3) (18 SE 301); *American Fire &c. Co. v. Grizzle,* 108 Ga. App. 496 (2) (133 SE2d 400).

6. The trial court properly charged on the presumption of innocence by giving the statutory definition thereof from Code §§ 26-501, 38-118. No further elaboration on the presumption of innocence was necessary.

7. The deadly character of the weapon may be inferred from the effect produced. *Thomas v. State,* 75 Ga. App. 334 (43 SE2d 352). There was also testimony from

which the jury might infer that the use of the tire tool in the manner shown to cause this injury was sufficient to charge on the circumstances relating to the deadly character of the weapon used in this case.

Further, since the jury returned a verdict for the lesser offense of simple battery and not aggravated assault, this rendered any error in the charge harmless. *Henderson v. State,* 134 Ga. App. 898 (1) (216 SE2d 696); *Goodwyne v. State,* 38 Ga. App. 183 (8) (143 SE 443); *Christian v. State,* 41 Ga. App. 565, 566 (153 SE 780).

8. No reversible error having been shown, the judgment is affirmed.

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

SUBMITTED OCTOBER 30, 1975 — DECIDED NOVEMBER 17, 1975 — REHEARING DENIED DECEMBER 5, 1975.

*Merritt & Pruitt, Glyndon C. Pruitt,* for appellant.
*Bryant Huff, District Attorney, Robert A. Barnaby, II, Assistant District Attorney,* for appellee.