## 32118. BOSTIC v. THE STATE.

BOWLES, Justice.

The appellant, Wilhelmena Bostic, James L. Gaynor and Tommy Lee Bostic, were jointly indicted for the offense of murder of Annie Kate James. The charge against Tommy Lee Bostic was severed for the purpose of trial and the remaining two defendants were tried jointly

before a jury, resulting in convictions of each and sentences of life imprisonment. Wilhelmena Bostic appeals. We affirm.

1. Appellant contends that the evidence was insufficient to support the verdict. The evidence shows that the homicide arose suddenly and without provocation from an argument over a pair of sunglasses. It occurred in the home of friends of the deceased, with many people present, including the victim, her husband and their small daughter. There was evidence of much drinking. The victim was shot three times: once in the arm, once in the thigh, and once in the chest. The autopsy showed the chest wound to be fatal. The state introduced the testimony of five people who were present at the shooting. Two witnesses testified that they saw appellant pull a pistol out of her blouse and shoot the victim. The other three witnesses testified that the victim's daughter, immediately after the first shot was fired, cried out that appellant had shot her mother. Two of the witnesses testified that they saw James Gaynor take the pistol from appellant, after the first shot, and all five witnesses testified that they saw Gaynor also shoot the victim. There was evidence introduced to the effect that the first shot fired by appellant struck the victim in the arm, passing through it. Photographs were introduced showing the relative location of the wounds on the body. Immediately after Gaynor had shot the victim, appellant was heard to say: "Killed one of the so and so's, . . . let's get the other one," referring to the victim's husband, who was also shot in the foot by Gaynor. The victim had no weapon of any kind and there was no evidence of any violence on her part. After the homicide these two defendants left the scene together. Each defendant testified at the trial contradictory to prior statements made by them.

The case against appellant went to the jury on two alternative theories of guilt: (1) that she directly perpetrated the homicide herself; and (2) that she was a party under Georgia Criminal Code § 26-801 to James Gaynor's commission of the murder. Although the jury verdict did not specifically state upon which theory appellant had been found guilty of murder, having carefully reviewed the transcript, we find the evidence

adequately supports the verdict under either theory and especially under Georgia Criminal Code § 26-801, which provides in pertinent part: "(a) Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime." Section (b) of that same Code section provides that a person is concerned in the commission of a crime only if he "(3) intentionally aids or abets in the commission of the crime."

For the sake of argument only, and without deciding, assuming the evidence did not conclusively show that the fatal shot was fired by appellant, the evidence is, nevertheless, sufficient to support a finding that appellant by her conduct encouraged, aided and abetted in the firing of the shots which killed the victim, and wounded her husband. Appellant's conviction is based on more than a mere presence at the scene of the tragedy. *Swarn v. State,* 230 Ga. 552 (198 SE2d 177) (1973); *Perkins v. State,* 231 Ga. 680 (203 SE2d 854) (1974).

2. Appellant contends that the trial court erred in charging the jury that, "If one shoots another with a pistol without justification, even if the intent was only to wound, malice is conclusively presumed." Appellant argues that the instructions of the court, in effect, allowed the jury to conclusively presume malice if they found that appellant had shot the victim. Further, appellant contends that the instructions were not tailored to the unique proof in the case and thus shut the door to a conviction on aggravated assault.

We find appellant's arguments without merit. In reviewing the court's charge to the jury, the charge should be considered as a whole. *Spencer v. State,* 231 Ga. 705 (203 SE2d 856) (1974); *Hudson v. State,* 237 Ga. 443 (228 SE2d 834) (1976). A review of the entire charge shows that the trial judge had informed the jury that, "the burden is placed upon the state to prove each essential element of the charge made in the indictment beyond a reasonable doubt," one of the elements being malice. It cannot be said that the trial judge charged the jury that murder is to be presumed whenever one person kills another with a deadly weapon. The use of the word "conclusively" in the jury charge can only be fairly

understood when read in conjunction with the trial court's use of the words *"without justification,"* within the same sentence. (Emphasis supplied.) When these words are read together with the entire charge made by the court, it is clear that there was a fair and full charge covering the issues to be resolved by the jury and making it quite clear that the burden was upon the state to prove every element of the crime beyond a reasonable doubt. *Spencer,* supra.

Since there was no charge on aggravated assault and appellant's counsel did not request a charge on that theory, she cannot now come before the court and claim that the trial judge unfairly closed the possibility of her being found guilty of an offense other than murder or voluntary manslaughter.

*Judgment affirmed. All the Justices concur, except Ingram, J., who concurs in the judgment only.*

SUBMITTED MARCH 21, 1977 — DECIDED MAY 13, 1977.

*C. Clayton Stephens, Jr.,* for appellant.
*Beverly B. Hayes, District Attorney, Arthur K. Bolton, Attorney General, Isaac Byrd, Staff Assistant Attorney General,* for appellee.