## 59323. ZACHERY v. THE STATE.

CARLEY, Judge.

The indictment in this case charging appellant with the offense of aggravated assault stated that appellant "did unlawfully commit an assault upon the person of Jacqueline Robinson by cutting and stabbing her with a sharp instrument which is to the grand jurors unknown, the same being a deadly weapon when used in the manner accused used the same in said assault." At the trial the victim testified that while the appellant was in her apartment an unpleasant situation occurred prompting the victim to ask appellant to leave. The victim stated that when she opened the door for appellant he put his hands in his pocket and that immediately thereafter appellant received blows to her shoulder, her face and back. The victim further stated that during the struggle at the door

she was struck or stabbed by the appellant. While the victim did not see the weapon and could not describe the same to the jury, she testified that she suffered an abrasion, cut and puncture wound. The police officer investigating the incident testified that he "saw a large stab wound to the right rear shoulder . . . some cuts and scratches on her face . . . and a slight, like a puncture hole in the right, front of the right shoulder." The jury found appellant guilty of aggravated assault and appellant appeals from the order denying his motion for new trial.

1. In asserting on appeal the general grounds, appellant contends that the verdict finding appellant guilty of aggravated assault is without evidence to support it because while the indictment alleged the use of a sharp instrument, the victim was unable to describe or in any way identify the weapon with which she was injured. Appellant's argument is unpersuasive. It is clear that even if the actual weapon alleged to be a deadly one in an indictment is not produced or described, evidence as to the nature, kind and location of the wounds inflicted by the assailant is sufficient to allow the jury to infer the character of the weapon. *Turner v. State,* 57 Ga. 107 (2) (1876); *Kennedy v. State,* 68 Ga. App. 852, 856 (24 SE2d 321) (1943).

Appellant relies upon *Paschal v. State,* 125 Ga. 279 (54 SE 172) (1906), wherein the conviction was reversed because of absence of proof as to the character of the weapon used in the assault. However, in *Paschal,* there was absolutely no testimony as to the size or nature of the wound and, therefore, the jury was without evidence upon which to base a finding that the weapon used was one likely to produce death. In the case at bar, the testimony of the victim and that of the police officer adequately showed the nature of the wounds inflicted. In addition, the victim exhibited to the jury a scar produced by a surgical procedure required as a result of appellant's attack. Thus, the evidence is clearly sufficient to authorize the jury's determination that the victim was attacked by appellant with a deadly weapon. See *Parker v. State,* 137 Ga. App. 6 (223 SE2d 6) (1975); *Wells v. State,* 125 Ga. App. 579 (188 SE2d 407) (1972); *Guevara v. State,* 151 Ga. App. 444 (260 SE2d 491) (1979).

2. Our review of the entire record in this case compels us to the conclusion that a rational trior of fact could reasonably have found from the evidence adduced at trial proof of the defendant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Green v. State,* 152 Ga. App. 387 (262 SE2d 639) (1979).

3. Appellant also attacks the trial court's charge that "the acts of a person of sound mind and discretion are presumed to be the product of the person's will and such person is presumed to intend the natural and probable consequences of his acts but either of these presumptions may be rebutted." Appellant contends that this charge was impermissibly burden shifting under Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979). The trial court's instruction in this case was virtually identical with that involved in *Skrine v. State,* 244 Ga. 520 (260 SE2d 900) (1979), which the Supreme Court found not to violate the mandate of Sandstrom. See also *Whisenhunt v. State,* 152 Ga. App. 829 (1979). This enumeration is without merit.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED JANUARY 9, 1980 — DECIDED FEBRUARY 20, 1980.

*Michael E. Hancock,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, Assistant District Attorneys,* for appellee.