60990. WADE v. THE STATE.

BIRDSONG, Judge.
Eddie L. Wade was convicted of aggravated assault and sentenced to serve 18 months consecutive to any sentence presently

being served. Wade brings this appeal enumerating as error the failure of the evidence to show that he was the assaulter or that the alleged weapon used was a "deadly weapon." *Held:*

The evidence shows that Wade and the victim were inmates at a correctional institution in Chatham County. Moss (the victim) owed Wade a gambling debt over which the two men became enmeshed in an argument. The jury was justified in believing that Wade struck Moss a single blow with his hand and that Moss grabbed Wade. At that point, according to Moss' testimony, he was struck several times by Wade with some small sharp instrument. Moss felt as if he had been cut. A correctional officer stopped the fight and observed that Moss was covered with blood. He also observed several penetrating wounds in Moss' back and shoulder which were welling with blood. Moss testified that he was hospitalized for a week for a wound penetrating his lung.

It is clear that even in the absence of the production or verbal description of the weapon used, evidence as to the nature, kind and location of the wounds inflicted by the assailant is sufficient to allow the jury to infer the character of the weapon. *Turner v. State,* 57 Ga. 107 (2); *Kennedy v. State,* 68 Ga. App. 852, 856 (24 SE2d 321).

Moreover, the evidence in this case showed a penetrating wound of sufficient force and depth to enter the internal cavities of the body containing the vital organs resulting in a puncturing of the lung. Such evidence is amply sufficient to authorize the jury's determination that Moss was attacked with a deadly weapon. *Zachery v. State,* 153 Ga. App. 531, 532 (265 SE2d 860).

We are satisfied from the evidence in this transcript that any rational trier of fact could have reasonably found from the evidence adduced at trial proof of the appellant's guilt beyond reasonable doubt. *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528). Though appellant offered to the jury an alternative theory as to who might have inflicted the injuries on the person of Moss, the jury was not unreasonable in rejecting that theory and concluding Wade was guilty. *Mills v. State,* 137 Ga. App. 305, 306 (223 SE2d 498).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JANUARY 30, 1981.

*Phillips D. Hamilton,* for appellant.
*Andrew J. Ryan III, District Attorney, Robert M. Hitch III, Assistant District Attorney,* for appellee.