## S90A1235. DAVIS v. THE STATE.
### (401 SE2d 724)

BELL, Justice.

Charles Davis was convicted of the malice murder of Thomas Anthony Moore, and was sentenced to life imprisonment. He was also convicted of, and sentenced for, the aggravated assault of Early Graham, Sr.; possession of a firearm during the commission of a felony (the murder of Moore); and possession of a firearm during the commission of a felony (the aggravated assault of Graham).[1] Davis appeals, and we affirm.

1. Davis contends the trial court erred by denying his motion for a directed verdict and his motion for new trial on the general grounds. We find these contentions have no merit.

Davis was tried and convicted jointly with a co-defendant, Gary Best, who also appealed. In *Best v. State,* 261 Ga. 30 (401 SE2d 732) (1991), we affirmed the judgment in Best's case. As we found in *Best,* the evidence, considered in the light most favorable to the verdict,

> showed that on the afternoon of December 4, 1988, [Best], Charles Davis, and Diallow Johnson drove by a group of persons at a street intersection and fired shots into the group in an attempt at revenge for an altercation that occurred the previous night. One of the shots struck Moore, who was killed, and another shot struck Graham, who was wounded. [Id. at 30-31 (1).]

We conclude the evidence was sufficient to meet the standard of *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Davis' argument concerning the pathologist's testimony presents no reversible error.

3. Four of Davis' enumerations are interconnected. In them he contends that the court erred by denying his motion to sever his trial from Best's; the court erred by denying his motion to sever the trial

---

[1] The crimes occurred on December 4, 1988. Davis was indicted on April 5, 1989. The verdict was returned on November 2, 1989. On November 16, 1989, the trial court sentenced Davis. On December 8, 1989, Davis moved for a new trial. The court reporter certified the trial transcript on February 7, 1990. On May 9, 1990, the trial court denied the motion for new trial. On May 18, 1990, Davis filed his notice of appeal, and on June 5, 1990, the record was certified by the clerk of the trial court. The record was filed in this Court on June 18, 1990. On August 3, 1990, the appeal was submitted for decision without oral argument.

of the charge against Best of possession of a firearm by a convicted felon; the court erred by allowing into evidence a statement Best had given police; and the court erred by charging the jury on conspiracy. The gist of the enumerations is that Davis contends he was prejudiced by being jointly tried with Best. However, we find no merit in Davis' arguments in support of the enumerations, and in particular find Davis has not shown the degree of prejudice from the joint trial to require reversing the judgment because of the court's denial of his motion to sever his trial from Best's. *Satterfield v. State,* 256 Ga. 593, 595-597 (351 SE2d 625) (1987).

4. Davis' enumeration concerning the trial court's grant of the prosecution's motion in limine is without merit.

5. We find no abuse of discretion in the trial court's denial of Davis' motion for a continuance.

6. The court did not err by failing to charge on self-defense and voluntary manslaughter, as there was no evidence to support those charges.

7. The order in which the verdict form the court presented to the jury listed the counts of the indictment did not violate Davis' right to due process. *Whitehead v. State,* 255 Ga. 526, 527 (4) (340 SE2d 885) (1986).

8. "There is no merit in appellant's contention that the court erred by charging the jury that witnesses are presumed to speak the truth. *Noggle v. State,* 256 Ga. 383 (4) (349 SE2d 175) (1986)." *Best,* supra at 31 (5).

9. Davis contends the trial court erred by admitting into evidence certified copies of felony convictions of Best. Pretermitting whether Davis has the standing to raise this issue, we find no error. "The state was not required to show the validity of the prior felonies, as they were introduced to prove a necessary element of the crime of possession of a firearm by a convicted felon. *Scott v. State,* 250 Ga. 195, 198 (1) (d) (297 SE2d 18) (1982)." *Best,* supra at 31 (4).

10. As we held in *Best,* supra at 31 (6),

> [w]e find no error in the trial court's imposition of two separate sentences for the two convictions of possession of a firearm during the commission of a felony, as one conviction was based on the murder of Moore and the other conviction was based independently on the aggravated assault of Graham.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 15, 1991.

*Jackson & Schiavone, Michael G. Schiavone,* for appellant.
*Spencer Lawton, Jr., District Attorney, Jon C. Hope, Assistant District Attorney, Michael J. Bowers, Attorney General, Mary H. Hines,* for appellee.