S90A1498. BEST v. THE STATE.
(401 SE2d 732)

BELL, Justice.

Gary Best was convicted of the malice murder of Thomas Anthony Moore, and was sentenced to life imprisonment. He was also convicted of, and sentenced for, the aggravated assault of Earl Graham, Sr.; possession of a firearm by a convicted felon; possession of a firearm during the commission of a felony (the murder of Moore); and possession of a firearm during the commission of a felony (the aggravated assault of Graham).[1] Best appeals, and we affirm.

---

[1] The crimes occurred on December 4, 1988. Best was indicted on April 5, 1989. The verdict was returned on November 2, 1989. On November 16, 1989, the trial court sentenced Best. On November 27, 1989, Best moved for a new trial. The court reporter completed the trial transcript on February 7, 1990. On June 26, 1990, the trial court denied the motion for new trial. On July 13, 1990, Best filed his notice of appeal, and on August 8, 1990, the record was certified by the clerk of the trial court. The record was filed in this Court on August 14, 1990. On September 28, 1990, the appeal was submitted for decision without oral argument.

1. Considered in the light most favorable to the verdict, the evidence showed that on the afternoon of December 4, 1988, the appellant (a convicted felon), Charles Davis, and Diallow Johnson drove by a group of persons at a street intersection and fired shots into the group in an attempt at revenge for an altercation that occurred the previous night. One of the shots struck Moore, who was killed, and another shot struck Graham, who was wounded. We find the evidence of appellant's guilt was sufficient to satisfy the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court erred in denying his motion for new trial with respect to an allegation by appellant that his trial counsel was ineffective. We find no error.

Appellant asserts trial counsel erred by failing to secure the testimony of an alibi witness. Our review of the evidentiary hearing on effectiveness shows appellant did not satisfy the standards of *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984) and *Smith v. Francis*, 253 Ga. 782 (1) (325 SE2d 362) (1985), in this regard. *Perkins v. State*, 260 Ga. 292 (2) (392 SE2d 872) (1990); *Schirato v. State*, 260 Ga. 170 (6) (391 SE2d 116) (1990). The remaining two grounds for appellant's assertion of ineffectiveness were not raised during the evidentiary hearing, and hence will not be considered on appeal.

3. Appellant, who was tried jointly with Davis, contends the trial court erred by failing to grant his motion to sever his trial from the trial of Davis. We find no error. *Satterfield v. State*, 256 Ga. 593, 595-597 (3) (351 SE2d 625) (1987).

4. The trial court did not err by admitting into evidence certified copies of felony convictions of appellant. The state was not required to show the validity of the prior felonies, as they were introduced to prove a necessary element of the crime of possession of a firearm by a convicted felon. *Scott v. State*, 250 Ga. 195, 198 (1) (d) (297 SE2d 18) (1982).

5. There is no merit in appellant's contention that the court erred by charging the jury that witnesses are presumed to speak the truth. *Noggle v. State*, 256 Ga. 383 (4) (349 SE2d 175) (1986).

6. We find no error in the trial court's imposition of two separate sentences for the two convictions of possession of a firearm during the commission of a felony, as one conviction was based on the murder of Moore and the other conviction was based independently on the aggravated assault of Graham.

7. Appellant's enumeration that the court erred by instructing the jury on conspiracy is without merit. *Thomas v. State*, 255 Ga. 38 (2) (334 SE2d 675) (1985).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 15, 1991.

*Mark J. Nathan*, for appellant.

*Spencer Lawton, Jr.*, District Attorney, *Jon C. Hope*, Assistant District Attorney, *Michael J. Bowers*, Attorney General, *Mary H. Hines*, for appellee.