S93A0614. BUTLER v. THE STATE.
(428 SE2d 346)

CARLEY, Justice.

After a jury trial, appellant was found guilty of felony murder and sentenced to life. He was also found guilty of and sentenced for three counts of aggravated assault and four counts of possession of a firearm during the commission of a crime. After the trial court entered judgments of conviction and sentences on the jury's guilty verdicts, appellant filed an extraordinary motion for new trial only on

the general grounds. Appellant appeals from the denial of that motion.[1]

1. Appellant enumerates as error only the denial of his extraordinary motion for new trial as to the charge of murder.

The evidence shows that both appellant and a co-defendant fired shots from the back of a pickup truck while passing a group of people, injuring three persons and killing one person. Appellant contends that it is uncertain who actually fired the shot which killed the deceased.

> We hold that this enumeration of error is patently nonmeritorious. The evidence authorized any rational trier of fact to find beyond a reasonable doubt that the appellant was a party to a criminal project having as its object [an assault with a deadly weapon upon a group of people], so that, even if the appellant was not the actual perpetrator of the [aggravated assaults] and the [murder], those offenses would be imputable to him as an accomplice or co-conspirator. [Cits.]

*Beadles v. State*, 259 Ga. 519, 522 (1) (385 SE2d 76) (1989). Here, as in *Davis v. State*, 261 Ga. 18 (1) (401 SE2d 724) (1991), "[w]e conclude the evidence was sufficient to meet the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)." See also *Carter v. State*, 252 Ga. 502, 503 (1) (315 SE2d 646) (1984); *Bostic v. State*, 239 Ga. 32, 33-34 (1) (235 SE2d 530) (1977).

> 2. Counsel for [appellant also] argues in his brief [error in the trial court's charge on conspiracy]. However, this is not a ground of the [extraordinary] motion for new trial . . . , nor is it *otherwise* enumerated as error. Thus no ruling will be made on the question.

(Emphasis supplied.) *Mitchell v. State*, 226 Ga. 450, 456 (5) (175 SE2d 545) (1970).

*Judgments affirmed. All the Justices concur.*

DECIDED APRIL 19, 1993.

*Walton Hardin,* for appellant.
*Dennis C. Sanders, District Attorney, Michael J. Bowers, Attor-*

---

[1] The crimes occurred on September 13, 1991. Appellant was indicted on February 4, 1992. The verdicts were returned on May 13, 1992. Appellant's extraordinary motion for new trial was filed on June 22, 1992 and denied on December 28, 1992. Appellant's notice of appeal was filed on December 28, 1992. The instant appeal was docketed on January 13, 1993 and submitted for decision on February 25, 1993.

*ney General, Susan V. Boleyn, Senior Assistant Attorney General, C. A. Benjamin Woolf, Assistant Attorney General, Rachelle L. Strausner, Staff Attorney, for appellee.*