## A93A0722. TALLEY v. THE STATE.
(432 SE2d 667)

COOPER, Judge.

Appellant was convicted by a jury of aggravated assault with a sharp-edged object and appeals from the judgment of conviction and sentence entered against him.

Viewed in a light to support the verdict, the evidence shows that as a bar was closing one Wednesday night and the last remaining patrons were slowly leaving, the victim, Steven Renwick, was talking in the parking lot with a friend and two young women. Renwick left a bag in the bar and decided to retrieve it. He approached the well-lit front doorway and saw a large man who appeared very intoxicated and a woman struggling to help him walk to the parking lot. When Renwick asked if they needed any assistance, the large man belligerently declined his help, yelling, cursing and asking Renwick if he wanted to fight. Renwick assured the man he did not want to fight and told the man he was drunk and should go home. The man continued yelling and cursing until the woman succeeded in pushing him toward the car. After the large man reached the passenger side of the car and started to get in, he turned, yelled again at Renwick to get his attention and started to walk back toward him. At this point, the large man's tone was conciliatory as he told Renwick not to pay any attention to him; he was just drunk. The large man approached within a foot of Renwick and moved his hand as if to pat Renwick's shoulder. After he touched Renwick, the large man's face turned from conciliatory to threatening. The large man returned to his car and left, and Renwick felt a stinging sensation and noticed blood coming from his neck. Renwick realized at that point that he had been cut, although he had not seen anything in the large man's hand. Renwick was able to describe his assailant and his friend noted the license number of the car the large man drove off in. Additionally, a bar employee said the large man who left with a woman about that time was a regular called "Talley Ho." From this information, the attention of the police focused on appellant, and Renwick easily and quickly identified appellant from a six-photograph lineup eleven days after the incident. Renwick also identified appellant at trial as the large man who attacked him outside the bar.

1. Appellant first argues that the photographic lineup in which Renwick identified appellant as his attacker was impermissibly suggestive due to differences in hair color of the subjects and picture tone among the six photographs. However, at least three of the photos had subjects with dark brown hair like appellant's, and three of the photos, including that of appellant, had a lighter tone than the other three. The six photos all showed men of approximately the same age, with the same shape of face, moustache and brown hair of approxi-

mately the same length. The officer conducting the lineup identification procedure made no suggestion to Renwick that the assailant was one of the six and said nothing to him other than to ask him to read the standard form affidavit and look at the photos. When Renwick looked at the photos, he identified appellant's photo as that of his attacker within seconds. At trial, Renwick again identified appellant as the assailant. "Based on the evidence we find nothing which tainted the pretrial identification by photo spread, and nothing in that identification which would taint [the victim's] in-court identification of appellant. . . . Convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. [Cits.]" *Selbo v. State*, 186 Ga. App. 779, 781 (368 SE2d 548) (1988). Under these circumstances, we agree with the trial court that the photographic array was not impermissibly suggestive and there was no substantial likelihood of misidentification. Thus, the identification evidence was properly allowed. See *Selbo*, supra.

2. In two enumerations of error, appellant argues that the trial court erred in admitting evidence of a prior aggravated assault as a similar transaction. At a hearing held pursuant to Uniform Superior Court Rule 31.3 (B) and *Williams v. State*, 261 Ga. 640 (2b) (409 SE2d 649) (1991), Hiram Myhand, the victim of the prior assault, testified that while he was jogging on a wide, unpaved road ten years earlier, appellant intentionally ran his pickup truck into Myhand and then stopped. Appellant was laughing and appeared intoxicated. When Myhand noted the license tag number and told appellant he did not think the situation was funny, appellant emerged from the truck with a knife in his hand. Myhand started to back away, holding a knife he carried with him. One of the other occupants of the truck got out, and Myhand's attention was diverted. Appellant then put his hand to Myhand's neck, cutting it, after which he returned to his truck and left.

(a) Appellant contends the trial court erred in finding that the prior incident was sufficiently similar to the incident at issue in this case that proof of the former tended to prove the latter. Specifically, appellant points out that the prior incident occurred ten years earlier, during the day rather than at night and on a road rather than in a parking lot. Further, he notes that the victim in the prior offense, unlike Renwick, had a knife of his own. Appellant also contends that the incidents cannot be similar because a knife was seen in the earlier incident but the weapon was not identified in this case. However, the similarities far outweigh the differences enumerated by appellant. Both incidents involved an unprovoked attack by appellant against a

stranger in a public place, and both occurred while appellant was intoxicated. Even if appellant did not attack Renwick with a knife like that used in the attack on Myhand, in each incident appellant used a sharp-edged object in his right hand to cut the left side of his victim's neck, leaving very similar wounds in very similar locations. Appellant's reliance on *Lumpkin v. State*, 205 Ga. App. 68 (2) (421 SE2d 100) (1992) is misplaced, as in that case the circumstances giving rise to the charged offense and the prior incidents as well as the nature of the wounds inflicted were dissimilar and the only similarity was the use of a knife. Accordingly, the trial court did not err in determining that the State satisfactorily showed that the prior incident was similar to the charged offense.

(b) Appellant also argues that the trial court did not make a proper finding regarding the purpose for which the prior incident evidence was admitted and failed to limit the jury's use of this evidence. However, our reading of the record reveals that this is not the case. The trial court explicitly found that the evidence was admissible for the purpose of showing identity, state of mind, intent and course of conduct, all of which were at issue in this aggravated assault case. Moreover, the trial court twice instructed the jury that the evidence was not to be used for any other purpose. Appellant's assertion that the prior incident was not sufficiently similar to the charged offense to serve the purpose of showing state of mind or course of conduct is without merit for the reasons already discussed above.

3. Lastly, appellant contends that the evidence against him was insufficient because the State failed to identify or produce the weapon allegedly used in the aggravated assault. "It is clear that even in the absence of the production or verbal description of the weapon used, evidence as to the nature, kind and location of the wounds inflicted by the assailant is sufficient to allow the jury to infer the character of the weapon. [Cits.]" *Wade v. State*, 157 Ga. App. 296, 297 (277 SE2d 292) (1981). Viewed in the light most favorable to the verdict, the evidence was sufficient to enable a rational trier of fact to find appellant guilty of aggravated assault with a sharp-edged object beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. McMurray, P. J., and Beasley, P. J., concur.*

DECIDED JUNE 16, 1993.

*Fletcher W. Griffin III*, for appellant.
*Daniel J. Porter, District Attorney, C. Lane Graves, Assistant*

*District Attorney*, for appellee.