## A98A0496. LATTIMER v. THE STATE.
(499 SE2d 671)

ELDRIDGE, Judge.

The defendant, Henry Lattimer, Jr., appeals his conviction for aggravated assault against Joanne Lattimer and Henry Lattimer III. His sole enumeration of error alleges that the trial court erred in failing to grant his motion for directed verdict. Defendant contends that he was entitled to a directed verdict because the State failed to prove that he used a dangerous weapon or object that caused or was likely to have caused serious bodily injury to the victims.

"A directed verdict of acquittal is proper only where there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal. OCGA § 17-9-1 (a). On appeal we must view the evidence in the light most favorable to the verdict, [and the defendant] no longer enjoys the presumption of innocence." (Citations and punctuation omitted.) *Thompson v. State*, 210 Ga. App. 655, 656 (1) (436 SE2d 799) (1993).

Viewed in this light, the evidence shows that on March 28, 1997, the defendant went to the home of his estranged wife, Joanne Lattimer. When the defendant arrived, their adult son, Henry Lattimer III, was leaving after visiting with his mother. Mrs. Lattimer was standing on the front porch. The defendant grabbed Mrs. Lattimer and when she told him to let go, the defendant attempted to hit her in the face. Mrs. Lattimer fell. Henry came to her rescue, grabbed the defendant, and pulled him off Mrs. Lattimer. Mrs. Lattimer testified that she did not feel the defendant hit her. However, once she was in her house, she realized she had received a cut on the top of her head. Mrs. Lattimer's cut required two stitches. Henry received a deep cut across his hand, which required approximately 20 stitches.

When Officer Pat Cleveland arrived at the scene, he ·observed that both victims were cut and bleeding. Officer Cleveland testified that both Mrs. Lattimer and Henry told him the defendant had cut them with a boxcutter. The defendant was arrested by Officer Danny Storey approximately five minutes after the incident with two boxcutters in his possession. At trial, Mrs. Lattimer testified that she did not see anything in the defendant's hand, but that she had told Officer Cleveland that the defendant had cut her with an object that appeared to be a boxcutter, because that was what she believed had happened. Henry admitted telling Officer Cleveland that the defendant had cut him, but denied stating he was cut with a boxcutter. Henry testified that he was unsure what cut him but thought it could have been a knife. On cross-examination, Henry testified that he could have cut his hand on a Lazy Boy chair located on the porch.

On a prior occasion, in November 1996, the defendant had

attacked Mrs. Lattimer and another individual, Nathaniel Carter, with a boxcutter at the same address.

OCGA § 16-5-21 (a) (2) provides: "[a] person commits the offense of aggravated assault when he or she assaults . . . [w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury."

It is not necessary for the State to admit into evidence the deadly weapon used by the defendant in order for the defendant to be found guilty of aggravated assault. "The presence of [a deadly] weapon or the appearance of such may be established by circumstantial evidence, and a conviction for [aggravated assault] may be sustained even though the weapon was neither seen nor accurately described by the victim. Some physical manifestation is required or some evidence from which the presence of a weapon may be inferred, but OCGA § [16-5-21 (a)] does not require proof of an actual [deadly] weapon." (Citations and punctuation omitted.) *Terry v. State*, 224 Ga. App. 157, 159 (1) (b) (480 SE2d 193) (1996); *Talley v. State*, 209 Ga. App. 79, 81 (432 SE2d 667) (1993). "It is clear that even in the absence of the production or verbal description of the weapon used, evidence as to the nature, kind and location of the wounds inflicted by the assailant is sufficient to allow the jury to infer the character of the weapon." (Citations and punctuation omitted.) Id. at 81 (3); see *Wright v. State*, 211 Ga. App. 474, 475 (440 SE2d 27) (1993); *Wade v. State*, 157 Ga. App. 296, 297 (277 SE2d 292) (1981).

Although the defendant argues that the victims' testimony at trial was in conflict with Officer Cleveland's testimony regarding what was told to him by the victims at the scene of the crime, "it is the function of the jury, and not this Court, to resolve conflicts in the evidence. This Court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses." (Citation and punctuation omitted.) *Kapua v. State*, 228 Ga. App. 193, 195 (491 SE2d 387) (1997). Viewed in the light most favorable to the verdict, the evidence was sufficient to enable a rational trier of fact to find the defendant guilty of aggravated assault beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED MARCH 10, 1998 —
RECONSIDERATION DISMISSED MARCH 25, 1998.

*Shaw, Maddox, Graham, Monk & Boling, Mather D. Graham, Virginia B. Harman, John F. McClellan, Jr.,* for appellant.

Henry Lattimer, Jr., *pro se.*
*Tambra P. Colston, District Attorney, Bryant G. Speed II, Assistant District Attorney*, for appellee.