## A98A0801. JONES v. THE STATE.
### (503 SE2d 902)

BEASLEY, Judge.

Tommy Jones appeals his conviction for aggravated assault (OCGA § 16-5-21) arising out of his acts of repeatedly striking a victim with a two-by-four board. The issues are whether (i) sufficient evidence supports the conviction, (ii) the court erred in not directing a verdict on a murder charge, (iii) the court erred in finding Jones voluntarily waived his rights before giving a statement to the police, (iv) the admission of certain evidence was error, (v) Jones' counsel provided effective assistance, (vi) Jones was entitled to a new trial due to the prosecutor's reference in closing argument to a local "victims' wall," and (vii) the court erred in allowing the State to submit untimely jury charges.

1. Regarding sufficiency of the evidence, *Jackson v. Virginia* sets the standard of review: "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of

the crime beyond a reasonable doubt."[1] In addition, "appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses."[2] The evidence of aggravated assault is overwhelming.

Early one morning the victim pestered Jones while he and others were playing a game of dice in an apartment building parking lot. Jones responded by striking the victim with a two-by-four board and then chasing him across the parking lot with the board in hand. During the chase, two of Jones' friends by chance drove up in a truck, got out, and joined Jones in the chase. One of the friends had a pistol and shot the victim four times before the victim could get to a waiting taxi. When Jones and the gunman reached the victim still alive on the ground, Jones repeatedly and viciously struck him with the two-by-four with such force that it broke. He continued striking him with a broken piece. The gunman used the other broken piece to also strike the victim. The two men fled, and the victim soon died.

The autopsy revealed numerous two-inch wide bruises on the victim's head, arm, chest, thigh, wrist, and knee, all of which were inflicted shortly before he expired. The cause of death was a gunshot wound to his heart.

2. The court withheld ruling on Jones' motion for a directed verdict on the murder charge. When the jury verdict of "not guilty" was announced, the court noted that this mooted the motion, and Jones agreed. He now argues that the court erred in not granting the directed verdict before the jury deliberations in that the presence of the murder charge during jury deliberations prejudiced him, for it made more likely the possibility the jury agreed to the aggravated assault conviction as a compromise verdict.

The argument fails. First, the acquittal on the murder charge did moot the directed verdict motion and rendered any error in the failure to grant the motion harmless.[3] Jones' speculation that the jury reached a compromise verdict does not undermine this result, particularly in light of the concrete evidence (including his own testimony) of the vicious attack against the victim.

Second, a directed verdict on the murder charge was inappropriate because such a verdict "will lie only where there is *no* evidence to support a contrary verdict. [Cits.]"[4] Although Jones did not fire the

---

[1] (Emphasis omitted.) 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

[2] (Citations and punctuation omitted.) *Hight v. State*, 221 Ga. App. 574, 575 (1) (472 SE2d 113) (1996).

[3] *McClain v. State*, 226 Ga. App. 714, 719 (4) (487 SE2d 471) (1997).

[4] (Emphasis in original.) *Hamm v. State*, 187 Ga. App. 318, 319 (1) (370 SE2d 158) (1988); see OCGA § 17-9-1.

shot which killed the victim, he was vulnerable to conviction of the murder if the evidence showed he intentionally aided and abetted in the commission of the homicide.[5] "Aid and abet" means to "[h]elp, assist, or facilitate the commission of a crime, promote the accomplishment thereof, help in advancing or bringing it about, or encourage, counsel, or incite as to its commission. [Cit.] It comprehends all assistance rendered by words, acts, encouragement, support, or presence, actual or constructive, to render assistance if necessary."[6] " 'In essence, . . . a defendant must be an accessory before the fact.' [Cit.]"[7]

Jones' friend, while running beside Jones, shot the victim as he was attempting to escape to a waiting taxi. The two men followed and beat him, incapacitating him. Viciously striking a mortally injured person while he is still alive, and waylaying him from seeking medical help, can constitute evidence of intentionally assisting in the murder of the victim. The court did not err in declining to grant a directed verdict on the murder charge.

3. After conducting a *Jackson-Denno* hearing, the court ruled that Jones knowingly waived his rights before making a videotaped statement to the police. The videotape and transcript were admitted without objection at trial. Claiming error, Jones asserts that the transcript shows the interrogation continued after he asked for a lawyer.

To the contrary. Although the transcript did contain a question to Jones as to why he felt he needed a lawyer, the context showed this question referred to Jones' remark that he thought he might have needed a lawyer before he voluntarily came into the police station to talk to the police. The trial court did not clearly err in making this finding.[8]

4. Jones claims, without suggesting any reason, that "[t]he court erred in allowing certain testimony about a mop-head and a not-to-scale drawing into evidence." This omission is exacerbated by the tardiness of the objection, at least as to the not-to-scale drawing, which had already been admitted without objection.

Beyond that, "[a]dmissibility of evidence is a matter which rests

---

[5] OCGA § 16-2-20 (b) (3); see *Bostic v. State*, 239 Ga. 32, 34 (1) (235 SE2d 530) (1977) (even if defendant's shot did not kill victim, his action of harming the victim aided and abetted in the contemporaneous murder of the victim by another shooter).

[6] Black's Law Dictionary (5th ed. 1979), p. 63.

[7] *Grant v. State*, 227 Ga. App. 243, 245 (488 SE2d 763) (1997). Compare *Bullard v. State*, 263 Ga. 682, 685 (1) (436 SE2d 647) (1993) (helping to hide the body after the murder does not alone constitute aiding and abetting the murder).

[8] See *Dixon v. State*, 267 Ga. 136, 139 (3) (475 SE2d 633) (1996) ("Factual and credibility determinations made by a trial court after a *Jackson v. Denno* hearing will not be disturbed on appeal unless they are clearly erroneous"); *Cox v. State*, 248 Ga. 713 (1) (285 SE2d 687) (1982) (same).

largely within the discretion of the trial court,"[9] and because Georgia favors the admission of even doubtful evidence,[10] no error is shown.

5. Claiming ineffective assistance, Jones points out that his counsel did not move for a mistrial when it was discovered a juror was sleeping nor inform Jones of the consequences of being convicted on a recidivist indictment. "In order to establish ineffectiveness of trial counsel . . ., appellant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense."[11]

(a) When it was discovered a juror was sleeping, Jones personally addressed the court and asked that the juror be dismissed. The court complied and replaced the juror with the alternate juror. The remedy chosen rectified the problem so counsel was not remiss in not seeking a mistrial; none would have been required. *Foster v. State*[12] instructs that if possible the court should "take corrective measures short of a mistrial," such as substituting an alternate juror. This is exactly what transpired. Jones shows no prejudice.[13]

(b) Assuming Jones' counsel failed to advise him of the consequences of being convicted on a recidivist indictment, and assuming such was deficient performance, Jones was not prejudiced. In a pretrial hearing where Jones and his counsel were present, the prosecutor announced that Jones was "indicted as a recidivist. If he is found guilty of simply the aggravated assault, it would be twenty years, a portion of that to be served." Thus he was aware of the ramifications of the recidivist indictment. The court sentenced Jones to twenty years to serve seven.

6. In closing his argument the State's attorney noted that a local victims' rights group was constructing a wall with bricks inscribed with the names of people killed by violent crime, and that Jones had taken a living, breathing person and reduced him to "nothing more than a brick with a name on it." Jones did not object to this argument, so "the test for reversible error is whether the argument, even if improper, in reasonable probability changed the result of trial. [Cits.]"[14]

Jones was not entitled to a new trial on this ground because, as

---

[9] (Citation and punctuation omitted.) *Hestley v. State*, 216 Ga. App. 573, 576 (2) (455 SE2d 333) (1995).

[10] *Peppers v. State*, 261 Ga. 338, 340 (2) (404 SE2d 788) (1991).

[11] (Citations omitted.) *Stephens v. State*, 265 Ga. 120, 121 (2) (453 SE2d 443) (1995).

[12] 255 Ga. 425, 426 (2) (339 SE2d 256) (1986).

[13] See *Trenor v. State*, 252 Ga. 264, 266-267 (7) (313 SE2d 482) (1984) (no ineffective assistance arose out of failure of trial counsel to object to sleeping juror); *Williams v. State*, 190 Ga. App. 361, 362 (2) (378 SE2d 886) (1989) (court's awakening sleeping juror was sufficient remedy; no error in denying defendant's motion for mistrial).

[14] *Bright v. State*, 265 Ga. 265, 285 (19) (a) (455 SE2d 37) (1995); see *Jones v. State*, 268 Ga. 12, 15 (3) (483 SE2d 871) (1997).

in *Bright v. State*,[15] there was "overwhelming evidence of guilt . . . including [defendant's] own testimony. . . . [E]ven assuming the argument was objectionable, there is no reversible error."

7. Permission for the State to submit an untimely jury charge presents the final enumeration of error. The record does not show the use of any such charge, and Jones does not indicate what portion of the overall charge was improper. He objected only to the murder charge, based on his argument that a directed verdict should have been granted on the murder count. His failure to reserve the right to later object waived all other objections.[16]

Even if the court had accepted and given jury charges untimely submitted by the State, it had the discretion to do so,[17] and no abuse is discernible.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED JULY 7, 1998.

*David J. Grindle*, for appellant.
*J. Gray Conger, District Attorney, Julia Slater, Assistant District Attorney*, for appellee.

---

[15] 265 Ga. at 285 (19) (a).

[16] *Bryant v. State*, 268 Ga. 33, 34 (1) (485 SE2d 763) (1997).

[17] See *Hubacher v. Volkswagen Central*, 164 Ga. App. 791, 796 (5) (298 SE2d 533) (1982) (court has discretion whether to accept late charges); *Snipes v. Leaseway of Ga.*, 150 Ga. App. 135, 137 (2) (257 SE2d 40) (1979) (court is free up to the time of charging the jury to correct errors in the proposed charge).