## A98A2142. PEEK v. THE STATE.
### (507 SE2d 553)

JOHNSON, Presiding Judge.

Following a bench trial, Peek was found guilty of aggravated assault. He appeals his conviction. We affirm.

1. Peek contends the evidence was insufficient to support his conviction of aggravated assault. OCGA § 16-5-21 (a) (2) provides: "[a] person commits the offense of aggravated assault when he or she assaults . . . [w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury."

Viewed in a light most favorable to support the verdict, the evidence shows that two men were walking after dark and found an

apparently abandoned sofa on the sidewalk. When they picked up the sofa, a group of men confronted them. The victim was attacked and beaten with fists and an object he described as a round "fence pipe." The victim nearly died and remains blind in one eye as a result of this assault.

At trial, the victim identified Peek as his principal assailant. An eyewitness testified that she saw Peek pick up an object that looked like a pole or stick and use it to repeatedly strike the victim. A wooden fence post with blood on it was located a short distance from where the police found the victim. Peek denied being at the scene of the crime.

Peek's arguments regarding the identification testimony go to the weight and credit to be given the evidence by the factfinder and not the sufficiency of the evidence. On appeal from a criminal conviction, we determine only the legal sufficiency of the evidence below and do not weigh the evidence or assess witness credibility. *Jones v. State*, 233 Ga. App. 291, 292 (1) (503 SE2d 902) (1998); *Lattimer v. State*, 231 Ga. App. 594, 595 (499 SE2d 671) (1998). The evidence was sufficient to enable a rational trier of fact to find Peek guilty of aggravated assault beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Jones*, supra; *Lattimer*, supra.

2. Peek asserts that the trial court erred in eliciting evidence of bad character from the eyewitness. In response to Peek's contention that the eyewitness was being untruthful because she had a vendetta against him, the trial judge asked the eyewitness whether she ever had any conflict or disagreement with Peek prior to witnessing the aggravated assault. The eyewitness replied: "We did have a conflict as far as . . . [h]im, Milledge Peek, and his friends were selling drugs out of the front —." The trial court sustained an objection and stated, "I'm not going to let that interfere with my —" at which point the witness interrupted. The eyewitness then detailed some non-drug-related conflicts she had with Peek.

First, this testimony went to the credibility and motivation of the eyewitness, an issue specifically raised by Peek. If evidence is relevant and material to a case, it is not inadmissible because it incidentally puts a defendant's character in issue. See *Cherry v. State*, 174 Ga. App. 145, 146 (4) (329 SE2d 580) (1985). This is particularly true where, as here, the appellant raised the issue of the credibility and motivation of the eyewitness. See id. Second, this case was tried before a judge sitting without a jury. It is presumed that a trial judge, when he sits as the trier of fact, considered only legal evidence, unless it appears from the judgment that the trial judge considered testimony which should have been excluded. *Power v. State*, 231 Ga. App. 335, 337 (1) (499 SE2d 356) (1998); *Jones v. State*, 194 Ga. App.

356, 357 (1) (390 SE2d 623) (1990). Even assuming that the trial court erred in eliciting evidence of Peek's bad character, based on the record before us and the strength of the admissible evidence against Peek, such error was harmless and does not require reversal. See generally *Power*, supra; *Jones*, 233 Ga. App. at 294 (6).

3. Peek argues that the bloody fence post found near the victim's body should not have been admitted into evidence because it was not identified by either the victim or the eyewitness. We disagree. In allowing the exhibit into evidence, the trial judge stated, "I think the chain has been sufficiently established. I'm satisfied as to its authenticity. The item, the fence post, without being shown to the previous witness . . . is the same diameter. She estimated, as I recall her holding out her hand, she held out a spread of about three or three and a half inches diameter. And her description of that item that she observed in Mr. Peek's hand just happens to almost be identical to the physical presence of this particular exhibit — 1." In addition, the fact that the bloody fence post was discovered near the victim's body supported the trial court's determination that it was the weapon used in the attack.

The Supreme Court has held that "a weapon may be admissible if the identification is sufficient to allow the [trier of fact] to decide, under the evidence relative to identification, whether it is the identical weapon used by the defendant. [Cits.]" *Dunn v. State*, 263 Ga. 343, 345 (3) (434 SE2d 60) (1993). Based on the identification testimony presented, the trial court did not abuse its discretion in admitting the fence post into evidence.

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED OCTOBER 15, 1998.

*Peter D. Johnson*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.