**SECOND DIVISION**
**MILLER, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**November 12, 2021**

# In the Court of Appeals of Georgia

A21A1712. ECHOLS v. THE STATE.

MILLER, Presiding Judge.

A Muscogee County jury found Moses Lee Echols guilty of robbery by intimidation, aggravated assault, and aggravated battery. Echols appeals from the judgment of conviction and the trial court's denial of his motion for new trial, arguing that the evidence was insufficient to support the convictions for aggravated assault and aggravated battery. We conclude that the evidence was sufficient on both charges, and we therefore affirm.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier

of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Citations and punctuation omitted.) *Solomon v. State*, 342 Ga. App. 836 (805 SE2d 293) (2017).

So viewed, the evidence adduced at trial shows that Terri McDougald-Howard was romantically involved with Echols before the relationship deteriorated, and they eventually separated around 2016. On an evening in June 2018, while Echols and Howard were at Echols' apartment, Echols saw certain pictures on Howard's phone and told her that she was "going to pay for it." Echols placed Howard on his bed, sat on her, and began beating her in the face with his fist and striking her in her upper body, chest, head, ears, and nose. Howard repeatedly asked Echols to "let [her] up" and to get off of her. She could not breathe or see, and blood was running down her throat.

After the attack, Howard's face was "swollen astronomically," her lip was swollen, and she kept spitting up blood. Howard also testified that her nose was broken. Howard eventually went to her car, after which Echols ordered her to give him a money order which she had purchased and threatened to "put [her] head through the windshield or through the door" if she did not comply. Howard gave

2

Echols the money order, left his home, and eventually went to the emergency room by ambulance. The responding officer discovered dried blood on Echols' hand and blood splatters throughout his home, including on the blade of a knife in the kitchen. Echols told the officer that the blood on the knife was due to a cut on his finger. At trial, photographs of Howard's injuries were entered into evidence and published to the jury. Among these was a picture showing an open laceration on Howard's throat.

Echols was indicted for robbery by intimidation, aggravated assault (family violence), and aggravated battery (family violence). The jury found Echols guilty on all three counts, and the trial court sentenced him to 25 years, to serve 13 in confinement. Echols filed a motion for new trial, which the trial court denied after a hearing. This appeal ensued.

1. First, Echols argues that the evidence was insufficient to support the conviction for aggravated assault because the circumstantial evidence was insufficient to prove that a knife was used during the assault, as charged in the indictment. We conclude that the evidence was sufficient.

"A person commits the offense of aggravated assault when he or she assaults . . . [w]ith a deadly weapon or with any object, device, or instrument which, when

3

used offensively against a person, is likely to or actually does result in serious bodily injury[.]" OCGA § 16-5-21 (a) (2).

> The presence of a deadly weapon or the appearance of such may be established by circumstantial evidence, and a conviction for aggravated assault may be sustained even though the weapon was neither seen nor accurately described by the victim. Some physical manifestation is required or some evidence from which the presence of a weapon may be inferred, but OCGA § 16-5-21 (a) does not require proof of an actual deadly weapon. It is clear that even in the absence of the production or verbal description of the weapon used, evidence as to the nature, kind and location of the wounds inflicted by the assailant is sufficient to allow the jury to infer the character of the weapon.

(Citations and punctuation omitted.) *Lattimer v. State*, 231 Ga. App. 594 (499 SE2d 671) (1998).

Here, although Howard did not testify to seeing Echols with a knife, the responding officer retrieved a knife in Echols' kitchen, which bore blood on both sides of the blade, and the jury also saw photographic evidence of an open laceration on Howard's throat. Given the nature of the wound on Howard's throat and the presence of blood on the knife, the jury could have inferred that Echols assaulted Howard with the knife. See *Talley v. State*, 209 Ga. App. 79, 79-80 (3) (432 SE2d 667) (1993) (evidence was sufficient to find the defendant guilty of aggravated

4

assault with "a sharp-edged object" where the victim did not see the defendant with a weapon during the attack but "felt a stinging sensation and noticed blood coming from his neck"); *Zachery v. State*, 153 Ga. App. 531, 531-532 (1) (265 SE2d 860) (1980) (evidence was sufficient to find the defendant guilty of assaulting the victim with a "sharp instrument" where the victim did not see any weapon but testified that she suffered an abrasion, cut, and puncture wound, and the investigating officer testified to observing a "large stab wound" on the victim's shoulder). Accordingly, the evidence was sufficient to support the conviction for aggravated assault.

2. Next, Echols argues that the evidence was insufficient to support the conviction for aggravated battery because Howard's testimony alone did not establish that he injured her nose so as to render it useless, as proscribed by OCGA § 16-5-24. We disagree with this assertion.

"A person commits the offense of aggravated battery when he or she maliciously causes bodily harm to another by depriving him or her of a member of his or her body, by rendering a member of his or her body useless, or by seriously disfiguring his or her body or a member thereof." OCGA § 16-5-24 (a). "'Depriving' the victim of a member of her body may refer to the loss of the use of the member." (Citation omitted.) *Jones v. State*, 283 Ga. App. 631, 633 (1) (642 SE2d 331) (2007).

5

Further, "victims are competent to testify as to the injuries they suffered during an assault, including broken bones." (Citations and punctuation omitted.) *Pulliam v. State*, 309 Ga. App. 477, 478-479 (1) (711 SE2d 21) (2011); see also *Jones v. State*, 294 Ga. App. 564, 566-567 (2) (669 SE2d 505) (2008) (victim could testify that her jaw was broken without a physician's testimony); *Jones*, supra, 283 Ga. App. at 633 (1) (medical testimony not required to establish the victim's loss of use of her nose).

The indictment in this case alleged that Echols maliciously caused harm to Howard "by depriving [her] of her nose. . . ." Howard testified that her nose was broken and that she could not breathe through her nose after Echols attacked her. She also explained that a medical procedure is required to repair her nose and that because she had not undergone the procedure, her nose will "be like that permanent[ly]." This evidence was sufficient to support a finding that Howard was deprived of her nose. See, e.g., *Jones*, supra, 283 Ga. App. at 633 (1) (evidence was sufficient to find that the victim was deprived of her nose where she had a drainage problem and blood leakage from her nose after the attack, and she testified at trial that her nose was still not "all the way"); *Ganas v. State*, 245 Ga. App. 645, 647 (1) (c) (537 SE2d 758) (2000) (victim was deprived of a member of her body where the defendant broke her

6

finger during the attack). Therefore, the evidence was sufficient to find Echols guilty of aggravated battery.

Given the foregoing, we affirm the judgment of conviction and the trial court's denial of Echols' motion for new trial.

*Judgment affirmed. Hodges and Pipkin, JJ., concur.*